**Robert SHAMIS, as Assignee of Wishbone Trading Company, Limited, a Hong Kong corporation, and Robert Shamis, Individually, Plaintiff,**

v.

**AMBASSADOR FACTORS CORPORATION, d/b/a Ambassador Factors, A Division of Fleet Factors Corp., A Rhode Island corporation, S. Roberts, Inc., a New York corporation, Christy Lynn, a New York corporation, ABC Companies (fictitious names of corporate affiliates of defendants S. Roberts, Inc. and Jay Vee, Inc. whose identities are presently unknown), Nathan Korman, a/k/a Lawrence Korman, Steven Pesner, as Executor of the Estate of Leonard Kaye, and Mahoney Cohen & Company, P.C., a New York professional corporation, Defendants.**

No. 95 Civ. 9818(RWS).

United States District Court,
S.D. New York.

June 25, 1999.

---

Storch Amini & Munves, P.C., New York City, by Steven G. Storch, Lita Beth Torres, of counsel, for plaintiff.

Schaeffer & Zapson LLP, New York City, by Elliott L. Schaeffer, Lance N. Olitt, of counsel, for S. Roberts, Inc., Jay Vee, Inc., Christy Lynn and Nathan Korman, defendants.

## *OPINION*

SWEET, District Judge.

Defendants Christy Lynn ("Christy") and Nathan L. Korman ("Korman") have moved, pursuant to Local Rule 6.3 to reargue those portions of this Court's opinion of January 27, 1999 (the "Opinion") denying Korman's motion for summary judgment, and denying in part Christy's motion for summary judgment to the extent of sustaining an alter ego claim against Christy. For the reasons stated below, Christy's motion is granted and Korman's motion is denied. Upon reargument Christy's motion for summary judgment is granted dismissing the complaint of plaintiff Robert Shamis ("Shamis").

### *The Parties*

Plaintiff Shamis is a citizen of Israel and a British national, and at all times relevant to

this action, was a shareholder, officer and director of Wishbone. Shamis is Wishbone's assignee.

Wishbone was a Hong Kong-based apparel exporter that shipped goods primarily to the United States. In December 1993, Wishbone was placed in receivership and ultimately liquidated in accordance with Hong Kong law.

Defendant S. Roberts Inc. ("Roberts") is a New York-based wholesale distributor of women's dresses.

Defendants Jay Vee, Inc., Angela Christy, Inc. ("Angela"), Christy, and ABC Companies are successor corporate entities of Roberts.

Defendant Korman was an officer and a 60% stockholder of Roberts.

Defendant Ambassador Factors Corporation ("Ambassador") is a Rhode Island corporation that provides account receivable factoring services between importers and distributors in the garment industry.

Defendant Mahoney Cohen Rashba Pokart and Company ("Mahoney Cohen") is a New York-based accounting company that performs private and public accounting, as well as related consulting and auditing services.

### Prior Proceedings and Facts

The facts and prior proceedings of this action are set forth in the prior opinions of the Court, familiarity with which is assumed. See Shamis v. Ambassador Factors Corp., 34 F.Supp.2d 879 (S.D.N.Y.1999); Shamis v. Ambassador Factors Corp., No. 95 Civ. 9818, 1998 WL 75828 (S.D.N.Y. February 20, 1998); Shamis v. Ambassador Factors Corp., No. 95 Civ. 9818, 1997 WL 473577 (S.D.N.Y. August 18, 1997); Shamis v. Ambassador Factors Corp., No. 95 Civ. 9818, 1996 WL 457320 (S.D.N.Y. August 14, 1996).

On November 20, 1995, Shamis filed his initial complaint (the "Complaint") which alleged eleven causes of action against the above named Defendants. On February 28, 1996, Shamis filed an amended complaint (the "Amended Complaint"), pursuant to

Fed.R.Civ.P. 15(a), substituting Steven Pesner ("Pesner") as a defendant for Leonard Kaye ("Kaye").[1]

On September 4, 1998, Ambassador moved to dismiss this action pursuant to Fed. R.Civ.P. 37. On September 15, 1998, Mahoney Cohen filed its motion to dismiss. S. Roberts, Inc., Korman, Christy, Angela, and Jay Vee, Inc. filed their motion to dismiss on September 23, 1998. On September 18, 1998 Christy and Korman filed their motions for summary judgment.

On January 27, 1999, the Court issued the Opinion denying Defendants' motion to dismiss, denying Korman's motion for summary judgment, and denying in part Christy's motion for summary judgment. With respect to plaintiff's fraud claim against Korman, the Court held that there remained disputed issues of material fact as to "(1) whether Korman actively directed the fraudulent billing practices at issue; (2) whether Korman repeatedly participated in the dissemination of false information showing sales that had not taken place; (3) whether Korman repeatedly misrepresented to Shamis and others at Wishbone the financial status of Roberts; and (4) whether Korman actively participated in a fraudulent conveyance of Roberts inventory to Jay Vee in order to avoid Wishbone's security interest." Shamis, 34 F.Supp.2d at 897.

With respect to Christy, the Court granted summary judgment, dismissing plaintiff's claim of successor liability as to Christy, holding that "[a]s Shamis has not established that Christy is a mere continuance of Roberts, nor a de facto merger between Roberts and Christy, nor a fraudulent transfer, Shamis' claim that Christy is a successor of Roberts must fail." Id., 34 F.Supp.2d at 899. The Opinion also granted dismissal of plaintiff's claim of fraudulent transfer against Christy, holding that "Shamis fails to present any evidence of a fraudulent transfer between Roberts and Christy. Moreover, Shamis offers no opposition in his papers to summary judgment in favor of Christy on the fraudulent transfer claim." Id., at 900. The

---

**1.** Kaye was an officer and 40% stockholder of Roberts. Kaye died in 1995, and Defendant Pesner was appointed executor of his estate by the

Surrogate's Court of New York County on or about March 30, 1995.

Court did not dismiss the action in its entirety as against Christy finding that disputed issues of fact remained with respect to alter ego liability. *Id.*

### Discussion

#### A. *Standard for Reargument*

■ Local Rule 6.3 provides in pertinent part: "There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Thus, to be entitled to reargument, Plaintiffs must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion. *See Ameritrust Co. Nat'l Ass'n v. Dew,* 151 F.R.D. 237 (S.D.N.Y.1993); *Fulani v. Brady,* 149 F.R.D. 501, 503 (S.D.N.Y.1993); *East Coast Novelty Co. v. City of New York,* 141 F.R.D. 245, 245 (S.D.N.Y.1992); *B.N.E. Swedbank, S.A. v. Banker,* 791 F.Supp. 1002, 1008 (S.D.N.Y. 1992); *Novak v. National Broadcasting Co.,* 760 F.Supp. 47, 48 (S.D.N.Y.1991); *Ashley Meadows Farm Inc. v. American Horse Shows Ass'n,* 624 F.Supp. 856, 857 (S.D.N.Y. 1985).

■ Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court. *See Caleb & Co. v. E.I. Du Pont De Nemours & Co.,* 624 F.Supp. 747, 748 (S.D.N.Y.1985). In deciding a Local Rule 6.3 motion, the court must not allow a party to use the motion to reargue as a substitute for appealing from a final judgment. *See Morser,* 715 F.Supp. at 517; *Korwek v. Hunt,* 649 F.Supp. 1547, 1548 (S.D.N.Y.1986). Therefore, a party in its motion for reargument "may not advance new facts, issues or arguments not previously presented to the court." *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.,* 1989 WL 162315, at * 3 (S.D.N.Y.1989). The decision to grant or deny a motion for reargument is within the sound discretion of the district court. *See Schaffer v. Soros,* 1994 WL 592891 (S.D.N.Y. Oct. 31, 1994).

#### B. *Korman's Motion is Denied*

■ Korman contends that in denying him summary judgment, the Court overlooked controlling law governing summary judgment and treated Korman's motion as a Rule 9(b) motion. As noted in the Opinion, the essential challenge made by Korman on the underlying motion was that Shamis' Second Amended Complaint failed to satisfy the pleading requirements of Rule 9(b). Accordingly, the Court examined the allegations of the Second Amended Complaint in the context of the heightened pleading requirements of Rule 9(b), and found that the requirements were satisfied. *See Shamis,* 34 F.Supp.2d at 896.

The Court's analysis, however, was not limited to a consideration of Rule 9(b). The Opinion went on to find that, based on the conflicting evidentiary record proffered by the parties, there remained disputed issues of material fact sufficient to defeat Korman's motion. *See Id.,* at 896–97.

To the extent that Korman now claims that Shamis has raised no triable issue of fact with respect to his fraud claim against Korman, this matter was raised and briefed on the preceding motion and was resolved in the Opinion. *See id.* As Korman fails to demonstrate that the Court overlooked any controlling decisions or factual matters that were put before it on the underlying motion, Korman's motion for reargument is denied.

#### C. *Christy's Motion is Granted*

■ In order to state a claim under an alter ego theory of liability, a plaintiff must establish: (1) that the defendant exercised such complete control that the other defendants had no separate will of their own; and (2) that this domination was used to commit a wrong against plaintiff which proximately caused plaintiff's injuries. *See American Protein Corp. v. AB Volvo,* 844 F.2d 56, 60 (2d Cir.1988); *Zinaman v. USTS New York, Inc.,* 798 F.Supp. 128, 132 (S.D.N.Y.1992); *Morris v. New York State Dep't of Taxation and Fin.,* 82 N.Y.2d 135, 141, 603 N.Y.S.2d 807, 810–11, 623 N.E.2d 1157 (1993).

The Court found that disputed issues of material fact remained as to Korman's control over Christy. *See Shamis,* 34 F.Supp.2d at 900. Christy correctly notes, however, that the Court failed to address the require-

ment under New York law, that any domination by Korman over Christy was used to commit a wrong against Shamis which proximately caused his injuries.

As was set forth in the prior motion and remains uncontested here, Christy was not incorporated until October 12, 1993, approximately two years after Roberts and Wishbone ceased doing business with one another and approximately one and a half years after Wishbone allegedly learned that Roberts had engaged in some sort of fraudulent invoicing practice. Consequently, even if it could be established that Korman exercised complete control over Christy, this domination could not have been used to "commit a wrong against plaintiff which proximately caused his injuries." Shamis' inability to prove the requisite domination used to commit a wrong against him precludes him from establishing an alter ego claim against Christy. Accordingly, Christy's motion for reargument is granted, and the underlying motion to grant summary judgment as to Christy is granted.

### Conclusion

For the reasons set forth above, Korman's motion for reargument is denied. Christy's motion for reargument is granted, and Christy's underlying motion for summary judgment is granted.

Settle judgment on notice.

It is so ordered.