Rajaa Al MUKADDAM, Plaintiff,

v.

PERMANENT MISSION OF SAUDI ARABIA TO THE UNITED NATIONS, Defendant.

No 99 Civ. 3354(LAK).

United States District Court, S.D. New York.

March 27, 2001.

Bobbi C. Sternheim, Rochman Platzer Fallick & Sternheim, LLP, New York City, for plaintiff.

Alexandra A.E. Shapiro, Matthew T. Martens, Latham & Watkins, New York City, for defendant.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Plaintiff Rajaa Al Mukaddam ("Mukaddam") was employed by the defendant Permanent Mission of Saudi Arabia to the United Nations (the "Mission") for over 14

years. Plaintiff contends that she was wrongfully terminated by defendant in April 1998 following a pattern of harassment and gender discrimination that began in 1996. She asserts claims of wrongful termination and retaliation under Title VII of the Civil Rights Act of 1964 [1] and the New York State Human Rights Law ("NYSHRL").[2] Defendant moved to dismiss on the grounds that it is immune from suit in the United States pursuant to the Foreign Sovereign Immunities Act ("FSIA")[3] and that the mission is not an "employer" for purposes of Title VII or the NYSHRL. The Court denied the motion in a memorandum opinion dated September 8, 2000, familiarity with which is assumed.[4] Defendant now moves (1) for reconsideration (2) to supplement the record, and (3) in the alternative, for certification for interlocutory appeal the denial of the motion to dismiss on the ground that the mission is not an "employer" under the applicable laws.

## I.

Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York authorizes the filing of a motion for reconsideration or reargument when counsel believes there are "matters or controlling decisions which ... the court has overlooked."[5] In order to obtain reargument, a party "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion."[6] Local Rule 6.3 does not invite reargument of issues that have been considered fully by the court.[7] Nor does a motion under Rule 6.3 serve as a vehicle in which to advance arguments that the movant failed to make on the underlying motion. The movant therefore "may not advance new facts, issues or arguments not previously presented to the court."[8]

Defendant moves for reconsideration and dismissal on the grounds that this Court (1) failed to apply the proper standard of proof for motions to dismiss for lack of subject matter jurisdiction; (2) overlooked "factual matters" in its analysis of plaintiff's employment contract and plaintiff's statements prior to being represented by counsel; and (3) overlooked statutes and regulations in its analysis of whether plaintiff was a "civil servant" for purposes of the FSIA.

### A. Standard of Proof

Defendant argues that a party asserting subject matter jurisdiction in response to a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction has the burden of proving the jurisdictional facts by a preponderance of evidence and that the court accordingly may make a jurisdictional determination with reference to evidence outside the pleadings, including affidavits and, if necessary, testimony obtained at an evidentiary hearing. Defen-

---

1. 42 U.S.C. § 2000e *et seq.*

2. N.Y.Exec. Law § 290 *et seq.* (McKinney 1993).

3. 28 U.S.C. § 1602 *et seq.*

4. *Mukaddam v. Permanent Mission of Saudi Arabia to the United Nations,* 111 F.Supp.2d 457 (S.D.N.Y.2000).

5. Local Civ.R. 6.3 (McKinney 2000).

6. *Eisemann v. Greene,* 204 F.3d 393, 395 n. 2 (2d Cir.2000) (quoting *Shamis v. Ambassador Factors Corp.,* 187 F.R.D. 148, 151 (S.D.N.Y. 1999)).

7. *Shamis,* 187 F.R.D. at 151 (citing *Caleb & Co. v. E.I. Du Pont De Nemours & Co.,* 624 F.Supp. 747, 748 (S.D.N.Y.1985)).

8. *Morgan Guaranty Trust Co. v. Garrett Corp.,* 625 F.Supp. 752, 756 (S.D.N.Y.1986).

dant, however, fails to understand the importance of the procedural context in which the jurisdictional issue has been raised in this case.

In *Ball v. Metallurgie Hoboken–Overpelt, S.A.*[9] the Second Circuit held that a plaintiff's burden of proof in a jurisdictional challenge "varies depending on the procedural posture of the litigation." The Court explained:

> "Prior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith ... legally sufficient allegations of jurisdiction. At that preliminary stage, the plaintiff's prima facie showing may be established solely by allegations. After discovery, the plaintiff's prima facie showing, necessary to defeat a jurisdiction testing motion, must include an averment of facts that, if credited by the trier, would suffice to establish jurisdiction over the defendant.... At that point, the prima facie showing must be factually supported."[10]

It noted that a plaintiff's averment of jurisdictional facts may be countered either in a Rule 12(b) motion,[11] a Rule 56 motion, or by a request for an adjudication of disputed jurisdictional facts, and that the burdens of proof at the different procedural stages vary accordingly. "If the defendant is content to challenge only the sufficiency of the plaintiff's factual allegation, in effect demurring by filing a Rule 12(b)(2) motion, the plaintiff need persuade the court only that its factual allegations constitute a pri-

ma facie showing of jurisdiction." If the defendant proceeds on Rule 56 motion the Court must determine "if undisputed facts exist to warrant the relief sought." Finally, "if the defendant contests the plaintiff's factual allegations, then a hearing is required, at which the plaintiff must prove the existence of jurisdiction by a preponderance of the evidence."[12]

 This Court's September 8 ruling discussed the evidentiary standard in Rule 12(b) motions generally rather than focusing specifically on the standard for Rule 12(b)(1) motions asserting lack of jurisdiction. Nevertheless, the correct standard was applied. Defendant sought dismissal on the complaint alone. It submitted no evidence. The Court therefore considered only the complaint and a document effectively incorporated in it, plaintiffs employment contract. In those circumstances, defendant's motion assumed the truth of plaintiff's allegations and all inferences reasonably drawn from them. In denying the motion, the Court did no more than hold that it could not exclude at the pleading stage the possibility that plaintiff might prove facts establishing jurisdiction. That is all that was required. Of course, the burden of proving facts sufficient to establish subject matter jurisdiction always rests with its proponent.

### B. Plaintiff's Prior Statement and the Employment Contract

 The Court did not overlook Mukaddam's statement, made in a memorandum

---

9. 902 F.2d 194 (2d Cir.), *cert. denied*, 498 U.S. 854, 111 S.Ct. 150, 112 L.Ed.2d 116 (1990).

10. *Ball*, 902 F.2d at 197 (citing *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir.1985)).

11. While *Ball* involved a challenge to personal jurisdiction under Rule 12(b)(2), the holding applies to all jurisdiction testing motions, including challenges to subject matter jurisdiction under Rule 12(b)(1).

12. *Ball*, 902 F.2d at 197 (citing *CutCo Industries Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir.1986); *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117, 120 (2d Cir.1984); *United States v. Montreal Trust Co.*, 358 F.2d 239, 242 n. 4 (2d Cir.), *cert. denied*, 384 U.S. 919, 86 S.Ct. 1366, 16 L.Ed.2d 440 (1966)).

of law filed *pro se*, that she was a civil servant, or the provision in her employment contract calling for disputes arising thereunder to "be referred to the General Directorate of Civil Service Commission in the kingdom of Saudi Arabia." [13] While both points are relevant, they are not conclusive. It is well established that an admission in a pleading, once withdrawn, is merely evidence of the facts admitted as opposed to a definitive concession. [14] The contractual language upon which defendant relies is no different.

## C. Determinants of Civil Service Status

Defendant argues, finally, that the Court erroneously based its determination of whether Mukaddam was a civil servant on American rather than Saudi law and, in any case, that the Court's test for determining civil servant status under American law was misguided. Specifically, defendant argues that civil servants in the United States need not always pass a written exam prior to being hired, are not necessarily entitled to tenure, and are not always provided the same benefits as foreign service officers. Defendant relies principally on *El–Hadad v. United Arab Emirates*. [15]

In *El–Hadad*, the D.C. Circuit suggested "some questions that appear relevant" [16] to the determination of plaintiff's civil servant status in that case. The court noted that it did not regard them as an exclusive list, "nor as necessarily applicable in all cases." [17] In deciding defendant's motion to dismiss, this Court looked to some hallmarks of civil service status adopted by the Ninth Circuit. Together with the submissions of the parties, these factors were helpful in deciding the motion. That is not to say these factors are dispositive or that looking to Saudi civil service law would not also be helpful in finally resolving the jurisdictional issue. However, based on the record before it, the Court did its best to define a term as to which Congress gave little guidance. [18] While defendant is unhappy with the decision, the Court overlooked nothing of a controlling nature.

## II.

Defendant now wishes to offer evidence on the jurisdictional issue and then to relitigate the motion to dismiss based on that evidence. It offers to supplement the record with evidence concerning the Saudi civil service laws and the allegedly customary Saudi practice of employing non-Saudis to serve in civil service positions. Allowing defendant to do so at this stage would be counterproductive. No definitive conclusion has been reached as to jurisdiction. Defendant is free to raise the point by motion on a fuller record at a later stage of the proceeding. There will be time enough to do so after allowing plain-

---

**13.** Pl.Mem. in Opposition to Def. Motion to Dismiss, Ex. A.

**14.** *E.g., United States v. GAF Corp.*, 928 F.2d 1253, 1259–60 (2d Cir.1991); *United States v. McKeon*, 738 F.2d 26, 31 (2d Cir.1984); *Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter, Inc.*, 32 F.2d 195, 198 (2d Cir.), *cert. denied*, 280 U.S. 579, 50 S.Ct. 32, 74 L.Ed. 629 (1929).

**15.** 216 F.3d 29 (D.C.Cir.2000).

**16.** *Id.* at 34.

**17.** *Id.*

**18.** *See El–Hadad*, 216 F.3d at 34 (court's multi-factor inquiry not "analytically precise" due to Congress's decision to avoid providing precise definition of commercial activity, instead giving " 'courts a great deal of latitude in determining what is "commercial activity" for purposes of' the FSIA") (quoting H.R.Rep. No. 94–1487, 94th Cong., 2d Sess. 16 (1976), *reprinted in* 1976 U.S.C.C.A.N. 6604, 6615).

tiff some discovery on the jurisdictional issue, as is appropriate in this Circuit.[19] Accordingly, the Court directs discovery to proceed solely on the jurisdictional issues with the understanding that defendant may renew its jurisdictional objections in a subsequent motion for summary judgment.

### III.

■■■ Defendant moves also to certify for interlocutory appeal the Court's determination that the mission is an "employer" for purposes of Title VII and the NYSHRL. Section 1292(b) of Title 28, United States Code, provides for interlocutory appeal upon certification by the district court that the issue for appeal "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."[20] The question of whether the mission is an "employer" under Title VII

or the NYSHRL is controlling in the sense that a resolution favorable to defendant would be dispositive. But there is no substantial ground for difference of opinion on the matter. Both Title VII and the NYSHRL apply to foreign states' commercial employment activities in the United States.[21] Moreover, as plaintiff points out, other courts have reached the same conclusion as this one; there appears to be no conflict.[22] Thus, the issue is neither "difficult" nor "of first impression," criteria the Circuit has used to identify issues presenting substantial grounds for a difference of opinion.[23] Moreover, "only 'exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'"[24] The issue here does not present exceptional circumstances warranting interlocutory review, at least prior to a definitive determination that the Court has subject matter jurisdiction.[25]

---

**19.** *See Reiss v. Societe Centrale Du Groupe Des Assurances Nationales*, 235 F.3d 738, 748 (2d Cir.2000). *Reiss*, decided after this Court's opinion on the motion to dismiss, vacated the district court's decision on a motion to dismiss because the court failed to consider jurisdiction under the FSIA. In remanding, the Second Circuit noted that additional discovery on the jurisdictional issue would be "helpful," adding that when resolving disputed issues of jurisdictional fact, the district court "should afford broad latitude to both sides" to present evidence, and that it is "essential for the district court to afford the parties the opportunity to present evidentiary material at a hearing on the question of FSIA jurisdiction." *Id.* Whether plaintiff is a civil servant is a mixed question of law and fact, making discovery appropriate here. *See also Filus v. Lot Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir.1990) (prior to a definitive jurisdictional determination, "generally, a plaintiff may be allowed limited discovery with respect to the jurisdictional issue").

**20.** 28 U.S.C. § 1292(b).

**21.** *See Al Mukaddam v. Permanent Mission of Saudi Arabia to the United Nations*, 111 F.Supp.2d 457, 470–72 (S.D.N.Y.2000).

**22.** *See Alonso v. Saudi Arabian Airlines Corp.*, No. 98 Civ. 7781(SS), 1999 WL 244102 (S.D.N.Y. April 23, 1999) (instrumentality of foreign state not immune from suit under FSIA is liable under Title VII); *Starrett v. Iberia Airlines of Spain*, 756 F.Supp. 292 (S.D.Tex.1989) (instrumentality of foreign state is "employer" under Title VII); *Zveiter v. Brazilian National Superintendency of Merchant Marine*, 833 F.Supp. 1089 (S.D.N.Y. 1993) (instrumentality of foreign state not immune from suit under FSIA is liable for employment discrimination under NYSHRL).

**23.** *See Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir.1990).

**24.** *Id.* (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)).

**25.** *See, e.g., Romea v. Heiberger & Associates*, 988 F.Supp. 715, 717 (S.D.N.Y.1998).

### IV.

For the foregoing reasons, defendant's motion for reargument and other relief is denied in all respects. Jurisdictional discovery shall be concluded by June 1, 2001 at which time defendant may seek dismissal for lack of subject matter jurisdiction by appropriate motion.

SO ORDERED.