James NEWMAN, Plaintiff,

v.

**RCN TELECOM SERVICES, INC., et al, Defendants.**

No. 05 Civ. 4816(VM).

United States District Court, S.D. New York.

Sept. 5, 2006.

Irving Bizar, Ballon, Stoll, Bader and Nadler, New York, NY, for Plaintiff.

Anthony X. Arturi, Jr., Arturi, D'Argenio & Guaglardi, L.L.P., Englewood Cliffs, NJ, Barry Scott Guaglardi, Arye, Lustig & Sassower, P.C., New York, NY, for Defendants.

## DECISION AND ORDER

MARRERO, District Judge.

By Decision and Order dated July 27, 2006 (the "Order"),[1] the Court, after reviewing the parties' submissions in favor and against the Report and Recommendation issued on March 7, 2006 by Magistrate Judge Andrew J. Peck in connection with this matter (the "Report"), adopted the Report's recommendation that the motion of plaintiff James Newman ("Newman") for class certification of this action pursuant to Federal Rule of Civil Procedure 23 be denied and that this case be remanded to the state court where it originated. The Court determined that Newman could not satisfy Rule 23's requirement of typicality of the class Newman defined and purported to represent because he failed to establish that class-wide issues predominated over those unique to his individual claim against Defendants. Newman now moves for an order pursuant to Local Civil Rule 6.3 granting reconsideration. Defendants RCN Telecom Services, Inc. and RCN Corp. (collectively "Defendants") filed an opposition to Newman's motion. Newman's submission in support of his motion for reconsideration reiterates essentially the same arguments made in his class certification motion, points Magistrate Judge Peck's Report rejected and that this Court found meritless in Newman's objections to the Report.

Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litg.*, 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) (citations and quotation omitted). "The provision for reargument is not designed to allow wasteful repetition

of arguments already briefed, considered and decided." *Schonberger v. Serchuk*, 742 F.Supp. 108, 119 (S.D.N.Y.1990). To these ends, a request for reconsideration under Local Rule 6.3 must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Local Rule 6.3 is intended to " 'ensure the finality of decisions and to prevent the practice of a losing party ... plugging the gaps of a lost motion with additional matters.' " *S.E.C. v. Ashbury Capital Partners, L.P.*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (*quoting Carolco Pictures, Inc. v. Sirota*, 700 F.Supp. 169, 170 (S.D.N.Y. 1988)). A court must narrowly construe and strictly apply Local Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent the Rule from being used as a substitute for appealing a final judgment. *See Montanile v. Nat'l Broadcasting Co.*, 216 F.Supp.2d 341, 342 (S.D.N.Y.2002); *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y.1999).

Newman urges reconsideration on the basis of the same arguments that were raised in his original class certification motion and in his objections to the Report. The instant motion cites no controlling law or factual matters the Court overlooked that might reasonably be expected to alter the outcome of the Order. Indeed, the Court took into account and rejected the various considerations Newman asserts as grounds for his motion.

Specifically, Newman asserts that the Court "misread Plaintiff's deposition testi-

---

1. The Decision and Order is reported as *Newman v. RCN Telecom Servs.*, 238 F.R.D. 57, No. 05 Civ 4816, 2006 WL 2129074 (S.D.N.Y. July 27, 2006).

mony on which it relied." (Memorandum of Law in Support of Plaintiff's Motion for Reconsideration of the Court's Ruling With Respect to the Motion to Certify Class, dated August ___, 2006, at 3.) He then refers to one statement in his deposition in which he asserts that he was motivated to switch to Defendants' services not only by reason of a lower price, but because he would "get the same or faster speeds." *Id.* The Court's decision, however, was not grounded solely on a single, isolated snippet from Newman's deposition. Rather, as stressed by the Court in the Order and by Magistrate Judge Peck in his Report, Newman's own deposition was rife with contradictory testimony in which he is wrapped in his own words, asserting that he was drawn to Defendants' internet services by potential money savings, and not by promised internet speed, and thus undercutting his claim of typicality with a class described as having been induced by Defendants' alleged misrepresentations regarding service speed. *See Newman,* 2006 WL 2129074 at *5; Report at 29–30.

Because Newman has failed to identify any controlling law or factual matters put to the Court on the underlying motion that the Court demonstrably did not consider, Newman's motion for reconsideration is DENIED.

### *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that motion of plaintiff James Newman for reconsideration (Docket No. 57) of the Court's Decision and Order dated July 27, 2006, is DENIED.

**SO ORDERED:**