**Felicia Pickett JOHNSON, Plaintiff,**

v.

**ST. BARNABAS NURSING HOME, Defendant.**

No. 08 Civ. 2188.

United States District Court, S.D. New York.

Nov. 7, 2008.

Felicia Pickett Johnson, Bronx, NY, pro se.

William Goldman Scher, David H Allweiss, Yuval David Bar-Kokhba, Garbarini & Scher, P.C., New York, NY, for St. Barnabas Nursing Home.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

By Decision and Order dated July 25, 2008 (the "Order")[1], the Court granted the motion of defendant St. Barnabas Nursing Home ("St.Barnabas") for a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) ("12(c) Motion").

The Court determined that the claims of plaintiff Felicia Pickett Johnson ("Johnson"), brought pursuant to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq.*, were time-barred and declined to exercise supplemental jurisdiction over her remaining state law claims.

Johnson now moves for relief from the Order pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") and for reconsideration, governed by Local Civil Rule 6.3 ("Rule 6.3"). Johnson's submission in support of the instant motion reiterates essentially the same arguments made in the underlying matter, points that this Court fully considered and found meritless.

Because Johnson has failed to identify any controlling law or factual matters put to the Court on the underlying motion that the Court demonstrably did not consider, and because Johnson has failed to demonstrate that relief from the Order is warranted under Rule 60(b), Johnson's motion for reconsideration is DENIED.

## II. *STANDARD OF REVIEW*

■ Relief from a final order and reconsideration are extraordinary forms of relief. *See Central Vermont Pub. Serv. Corp. v. Herbert,* 341 F.3d 186, 190 (2d Cir.2003) ("[F]inal judgments should not be lightly reopened, [Rule 60(b) ] may not be used as a substitute for timely appeal.... Since 60(b) allows extraordinary relief, it is invoked only upon a showing of exceptional circumstances."); *In re Health Mgmt. Sys. Inc. Sec. Litig.,* 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) (holding that reconsideration of a previous order by the

1. The Order is reported as *Johnson v. St, Barnabas Nursing Home,* No. 08 Civ. 2188, 2008 WL 2902159 (S.D.N.Y. July 25, 2008).

court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources") (citations and quotation marks omitted).

The forms of relief Johnson requests are not to be used in lieu of appeal to relitigate matters that were already before the court and decided. *See Gibson v. Commissioner of Mental Health,* No. 04 Civ. 4350, 2006 WL 2192865, at *2 (S.D.N.Y. Aug. 2, 2006) ("Rule 60(b) motions that simply attempt to relitigate issues and thereby circumvent the appellate process are routinely dismissed." (*citing Hernandez v. United States,* No. 99 Civ. 4303, 2000 WL 744148, at *1 (S.D.N.Y. June 8, 2000) (denying Rule 60(b) motion where "[t]he vast bulk of [movant's] argument constitutes nothing more than a futile effort to have this Court revisit its Opinion"))); *Batac Dev. Corp. v. B&R Consultants, Inc.,* No. 98 Civ. 721, 2000 WL 307400, at *3 (S.D.N.Y. Mar. 23, 2000) (holding that a party "may not ... use Rule 60(b) as a substitute for appeal or to relitigate matters already resolved by the court adversely to that party"); *Schonberger v. Serchuk,* 742 F.Supp. 108, 119 (S.D.N.Y.1990) (holding that Rule 6.3 "is not designed to allow wasteful repetition of arguments already briefed, considered and decided").

Rule 6.3 motions may be granted only in limited circumstances. "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. National Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992) (*quoting* 18C C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790). To these ends, a request for reconsideration under Rule 6.3 must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court. *See Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir.1995).

Rule 6.3 is intended to "'ensure the finality of decisions and to prevent the practice of a losing party ... plugging the gaps of a lost motion with additional matters.'" *S.E.C. v. Ashbury Capital Partners,* No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (*quoting Carolco Pictures, Inc. v. Sirota,* 700 F.Supp. 169, 170 (S.D.N.Y.1988)). A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment. *See Montanile v. National Broad. Co.,* 216 F.Supp.2d 341, 342 (S.D.N.Y. 2002); *Shamis v. Ambassador Factors Corp.,* 187 F.R.D. 148, 151 (S.D.N.Y.1999).

As Rule 60(b) itself explicitly states, relief from a final order is only available for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief. Federal Rules of Civil Procedure Rule 60.

## III. *DISCUSSION*

As an initial matter, Johnson's request that the Court reconsider the Order or open the matter for reargument is untimely. Rule 6.3 requires that such requests be made "within ten (10) days after the entry of the court's determination of the original motion." Rule 6.3. The Order was issued on July 25, 2008 and Johnson filed the instant motion on August 29, 2008, well over the 10 days required by the rule.

In addition, Johnson urges reconsideration and relief from the Order largely on the basis of the same arguments that were before the Court in her original pleadings. The motion at hand cites no controlling law or factual matters the Court overlooked that might reasonably be expected to alter the outcome of the Order. Indeed, the Court took into account and rejected the various considerations Johnson asserts as grounds for this motion. In addition, the justifications Johnson puts forth in her motion for relief from the order do not fall into any of the reasons for relief listed in Rule 60(b).

■ Specifically, Johnson asserts that her Title VII and ADA claims are not time-barred because she did not receive her right-to-sue letter (the "Right–to–Sue Letter") from the United States Equal Employment Commission ("EEOC") until November 14, 2007, almost two weeks after it was issued. She claims that the 90–day time period in which a plaintiff must file in federal court under Title VII and the ADA should run from November 14, 2007. However, the Court's decision made clear that because the Right–to–Sue Letter was dated October 31, 2007, it is presumed to have been received three days later, on November 3, 2007. Because Johnson filed her complaint more than ninety days after November 3, 2007, the Court held that her complaint was time-barred.

The Court's decision held that Johnson's proffered explanations for the delay in receipt were not "compelling" and found that she had not sufficiently rebutted the three-day presumption. Johnson incorrectly asserts in her new motion that the Court did not receive or consider the oppositions she filed to the initial motion to dismiss. The Court received Johnson's Response to St. Barnabas Nursing Home's Motion to Dismiss dated July 10, 2008, Johnson's Objection to Granger's Motion to Dismiss dated July 10, 2008 and Johnson's undated reply affidavit. The Court considered the arguments Johnson presented therein when reaching its decision on the original 12(c) Motion.

In Johnson's initial opposition to the 12(c) Motion, she explained that she had trouble receiving her mail at the time the Right–to–Sue Letter was sent. In the instant motion Johnson attempts to offer evidence of her trouble with the United States Postal Service ("Postal Service"). A letter dated March 28, 2008 ("Postal Service Letter"), addressed to Johnson from the Postal Service and sent in response to a call Johnson made to the Postal Service complaining about nondelivery of a mail item, is attached as an exhibit to Johnson's motion for reconsideration. The Postal Service Letter does not effectively rebut the presumption that Johnson received the Right–to–Sue Letter three days after it was issued. First, the Postal Service Letter only confirms that Johnson complained about non-delivery of a mail item, not that there were, in fact, delivery problems. Second, the Postal Service Letter is dated March 28, 2008, five months after the Right–to–Sue letter was sent and over a month after Johnson filed the complaint. Third, the Postal Service Letter discusses a mail item that contained cash;

the Right–to–Sue Letter did not contain cash. Lastly, the Postal Service Letter is not new evidence that could not have reasonably been discovered at the time of Johnson's initial opposition to the motion to dismiss. The Postal Service Letter is dated March 28, 2008 and Johnson filed her original opposition on July 16, 2008.

 As the Court noted in its decision, Johnson attached a copy of the Right–to–Sue Letter to her complaint (the "Exhibit Letter"). The Exhibit Letter bears an outgoing fax transmission confirmation dated November 8, 2008 indicating Johnson's name and telephone number. The Court is still persuaded that this Exhibit Letter is presumptive evidence that Johnson had the Right–to–Sue Letter by November 8, 2007 at the latest. Even if the Court assumed that Johnson did not receive the Right–to–Sue Letter until November 8, 2007, instead of the presumed November 3, 2007 receipt date, her complaint would still have been filed over ninety days after she received the Right–to–Sue Letter. Johnson is incorrect in her assertion that it is the defendant's duty to prove that the fax confirmation date is authentic. First, it was Johnson, not St. Barnabas, who submitted the Exhibit Letter as an attachment to the complaint. Further, it is Johnson who bears the burden of rebutting the three-day presumption, a burden she has failed to meet. *See Sherlock v. Montefiore Med. Ctr.,* 84 F.3d 522, 525–26 (2d Cir.1996) (holding that the three-day presumption may be rebutted by a claimant through "sworn testimony or other admissible evidence from which it can reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail").

 Johnson also urges the Court to find that the 90–day filing period was equitably tolled because of the misconduct of her former attorney and because she could not locate the Right–to–Sue Letter in January 2008. In her new motion, Johnson asserts that the filing time should be tolled because she acted with "reasonable diligence" to "pursue[ ] with her best recollection of time without the attorneys [sic] cooperation." To support this argument, Johnson cites *Zerilli–Edelglass v. New York City Transit Authority,* 333 F.3d 74, 80–81 (2d Cir.2003). In *Zerilli–Edelglass,* the Second Circuit refused to toll the filing period for the plaintiff, holding that "[e]quitable tolling is only appropriate 'in [ ] rare and exceptional circumstances,' ... in which a party is 'prevented in some extraordinary way from exercising his rights.'" *Id.* at 80 (*citing Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.2000); *Johnson v. Nyack Hosp.,* 86 F.3d 8, 12 (2d Cir.1996)). Johnson's unsupported claims of misconduct on the part of her former attorney and her misplacement of the Right–to–Sue Letter do not present the kind of exceptional circumstances required for equitable tolling. *Id.* (giving examples of cases in which equitable tolling is appropriate, including: where plaintiff filed a defective pleading within the filing period; where plaintiff did not know of their cause of action due to the deception of the defendant; and where plaintiff's mental or physical condition prevented her from filing within the time limit).

### ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 29) of plaintiff, Felicia Pickett Johnson, for relief from the final order or reconsideration of the Court's Decision and Order dated July 25, 2008, is DENIED. **SO ORDERED.**