**UNITED STATES of America,**

v.

**YUDONG ZHU, Defendant.**

**No. 13 Cr. 761.**

United States District Court,
S.D. New York.

Signed Aug. 18, 2014.

Christian R. Everdell, U.S. Attorney's Office, New York, NY, for United States of America.

Maurice H. Sercarz, Sercarz & Riopelle, L.L.P., Robert M. Baum, Federal Defenders of New York Inc., New York, NY, for Defendant.

### *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

### I. *BACKGROUND*

By Decision and Order dated May 27, 2014 (Dkt. No. 40)[1], the Court denied the motion of defendant Yudong Zhu ("Zhu") to suppress evidence seized from his laptop and the fruits of such evidence (Dkt. No. 28). The Court found that New York University, Zhu's employer, granted the FBI valid third-party consent, such that the FBI did not need a warrant to search Zhu's computer.

---

1. The Order is reported as *United States v. Zhu*, 23 F.Supp.3d 234, No. 13–cr–761, 2014 WL 2465284 (S.D.N.Y. May 27, 2014).

Zhu now moves for an order pursuant to Local Rule 6.3 granting reconsideration (Dkt. No. 42) (the "Motion"). Zhu claims that reconsideration is warranted because the United States Supreme Court's decision in *Riley v. California*, —— U.S. ——, 134 S.Ct. 2473, 189 L.Ed.2d 430 (2014) constitutes "an intervening change of controlling law." *See United States v. Davis*, 996 F.Supp.2d 225, 230 (S.D.N.Y.2014). The Government filed an opposition to the Motion dated July 31, 2014 (Dkt. No. 44), and Zhu filed a reply dated August 6, 2014 (Dkt. No. 46). For the following reasons, Zhu's motion for reconsideration is DENIED.

## II. *LEGAL STANDARD*

Reconsideration of a previous order by the Court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) (internal citations and quotation marks omitted). "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." *Schonberger v. Serchuk*, 742 F.Supp. 108, 119 (S.D.N.Y.1990). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (*quoting* 18 C. Wright, et al., *Federal Practice & Procedure* § 4478 at 790).

To these ends, a request for reconsideration under Local Rule 6.3 ("Rule 6.3") must advance controlling law or factual matters that the movant believes the Court overlooked in its decision on the underlying matter and that might reasonably be expected to alter the conclusion reached by the Court. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). Rule 6.3 is intended to "'ensure the finality of decisions and to prevent the practice of a losing party ... plugging the gaps of a lost motion with additional matters.'" *SEC v. Ashbury Capital Partners*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (*quoting Carolco Pictures, Inc. v. Sirota*, 700 F.Supp. 169, 170 (S.D.N.Y.1988)). A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used either to advance different theories not previously argued or as a substitute for appealing a final judgment. *See Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y.1999).

## III. *DISCUSSION*

In *Riley*, the Supreme Court held that the "search incident to lawful arrest" exception to the warrant requirement does not permit law enforcement to search the contents of an arrestee's cell phone without a warrant. *Riley*, 134 S.Ct. at 2485. In doing so, the Court first found that the governmental interests justifying the "search incident to lawful arrest" exception—protecting officer safety and preventing destruction of evidence—do not apply to the contents of a cell phone because "[d]igital data stored on a cell phone cannot itself be used as a weapon to harm an arresting officer," *id.* at 2485, and officers can prevent both the defendant and third parties from deleting any information from the cell phone, *id.* at 2486–88. The Court then analyzed a defendant's privacy interests in the contents of a cell phone compared to other objects that might be found in an arrestee's pockets, finding that the pervasive nature of personal information found on a cellphone dwarfed "the privacy concerns ... implicated by the

search of a cigarette pack, a wallet, or a purse." *Id.* at 2488–89. Because a defendant's privacy interests in the contents of a cell phone are so great, and the governmental interests in a warrantless search of cell phones are relatively weak, the Court found that cell phones cannot be searched incident to arrest without a warrant.

The Court's holding in *Riley* does not govern the instant case. While *Riley* concerned the "search incident to lawful arrest" exception to the warrant requirement, Zhu's laptop was searched without a warrant based on the "third-party consent" exception. Zhu is correct that a defendant's privacy interests in the information on a laptop implicate the same interests as that stored on a cell phone. Still, the "search incident to lawful arrest" and "third-party consent" exceptions derive from two different justifications. As discussed above, the "search incident to lawful arrest" exception stems from the government's interests in protecting officer safety and preventing destruction of evidence, interests that the *Riley* Court found were not significant in the case of data on a cell phone. The "third-party consent" exception, in contrast, is based on the understanding that "a third party who possesse[s] common authority over or other sufficient relationship to the premises or effects sought to be inspected" can consent to a warrantless search. *United States v. Matlock*, 415 U.S. 164, 171, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974). Because the instant case and *Riley* concern different exceptions to the warrant requirement grounded on different justifications, the holding in *Riley* does not control here.

Zhu has failed to identify an intervening change in controlling law that the Court demonstrably did not consider; thus, his motion for reconsideration is DENIED.

## IV.  *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that defendant Yudong Zhu's motion for reconsideration (Dkt. No. 42) of the Court's decision dated May 27, 2014 (Dkt. No. 40) is **DENIED.**

**SO ORDERED.**