Christopher E. REESE, Petitioner,

v.

UNITED STATES of America,
Respondent.

12–CR–0629 (VM)
16–CV–0664 (VM)

United States District Court,
S.D. New York.

Signed February 24, 2016

Allan Paul Haber, Law Office of Allan P. Haber, Ronald Leon Garnett, Law Offices of Ronald L. Garnett, New York, NY, for Petitioner.

Micah William Janso Smith, U.S. Attorney's Office, New York, NY, for Respondent.

### DECISION AND ORDER

VICTOR MARRERO, United States District Judge.

By Decision and Order dated January 29, 2016 (the "January 29 Decision," Dkt. No. 190), the Court denied defendant Christopher E. Reese's ("Reese") motion to vacate, set aside, or otherwise correct his conviction and sentence pursuant to 28 U.S.C. Section 2255 ("2255 Motion," Dkt. No. 189). In his 2255 Motion, Reese claimed he was denied his Sixth Amendment right to the effective assistance of counsel and requested that his current sentence be vacated or, alternatively, that his case be remanded for an evidentiary hearing. The Court held that Reese's substantive arguments have been repeatedly addressed and rejected by this Court and, most recently, by the Second Circuit (Dkt. No. 187), and therefore, Reese cannot claim ineffective assistance by reason of counsel's failure to present evidence or arguments regarding issues that are meritless on their face. The Courtfurther held that even if Reese's arguments had any merit, he cannot satisfy the prejudice prong of the *Strickland* test because the trial record contains more than ample evidence to support a verdict of guilty beyond a reasonable doubt. *See Strickland v. Washington,* 466 U.S. 668, 688–89, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

On February 2, 2016, Reese filed a second motion to vacate, set aside, or other-

wise correct his conviction and sentence pursuant to Section 2255 ("Second 2255 Motion," Dkt. No. 191). After careful review of Reese's Second 2255 Motion, the Court denied the motion, finding that both of Reese's motions were substantively indistinguishable and incorporating by reference its January 29 Decision. (Dkt. No. 193.)

On the same date, Reese filed a motion for reconsideration of the January 29 Decision ("Motion for Reconsideration"). (Dkt. No. 194.) For the reasons discussed below, Reese's Motion for Reconsideration is DENIED.

■■■ Reconsideration of a previous order by the Court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) (internal citations and quotation marks omitted). "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." *Schonberger v. Serchuk*, 742 F.Supp. 108, 119 (S.D.N.Y.1990). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.' " *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (*quoting* 18 C. Wright, et al., *Federal Practice & Procedure* Section 4478 at 790).

■■■ To these ends, a request for reconsideration under Local Civil Rule 6.3 ("Rule 6.3") must advance controlling law or factual matters that the movant believes the Court overlooked in its decision on the underlying matter and that might reasonably be expected to alter the conclusion reached by the Court. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). Rule 6.3 is intended to " 'en-

sure the finality of decisions and to prevent the practice of a losing party ... plugging the gaps of a lost motion with additional matters.' " *SEC v. Ashbury Capital Partners*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (*quoting Carolco Pictures, Inc. v. Sirota*, 700 F.Supp. 169, 170 (S.D.N.Y.1988)). A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used either to advance different theories not previously argued or as a substitute for appealing a final judgment. *See Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y.1999).

Reese moves for reconsideration of the January 29 Decision on two related bases. Reese argues that the Court overlooked (1) controlling case law regarding the responsibility of counsel to communicate to a defendant the terms of any plea bargain offered by the prosecution and (2) at least one of the substantive arguments raised by Reese in his 2255 Motion. (Dkt. No. 194 at 1.) Specifically, Reese argues that he was "denied effective assistance [of] counsel when his trial attorney, [Ronald L. Garnett] waited until minutes before the plea offer [was] scheduled to expire to inform him about the plea, and then miscommunicated the terms of two written plea agreements to him." *Id.* at 2. Reese argues that "[b]ut for counsel's ineffectiveness, the undersigned would have accepted the Government's plea offer." *Id.* at 3. Furthermore, Reese argues that his own testimony at trial, that "he was engaged in a conspiracy to commit wire fraud[,] ... conclusively establishes that the undersigned would have accepted the proposed plea offers...." *Id.* at 3–4.

As noted in the Court's January 29 Decision, to prove ineffective assistance of counsel, the petitioner must satisfy a two-

pronged test. First, he must show that "counsel's representation fell below an objective standard of reasonableness" according to "prevailing norms." *Strickland,* 466 U.S. at 688–89, 104 S.Ct. 2052. Second, he must "affirmatively prove prejudice" by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 693–94, 104 S.Ct. 2052.

■■■ A defendant suffers a Sixth Amendment violation for ineffective assistance of counsel "where his attorney fails to convey a plea offer." *Pham v. United States,* 317 F.3d 178, 182 (2d Cir.2003). "Defense counsel have a constitutional duty to give their clients professional advice on the crucial decision of whether to accept a plea offer from the government." *Id.* (*citing Boria v. Keane,* 99 F.3d 492, 498 (2d Cir.1998)). Accordingly, "there can be no doubt that counsel must always communicate to the defendant the terms of any plea bargain offered by the prosecution." *Cullen v. United States,* 194 F.3d 401, 404 (2d Cir.1999); *see also Boria,* 99 F.3d at 496–97 (explaining that since "[t]he decision whether to plead guilty or contest a criminal charge is ordinarily the most important single decision in any criminal case ... counsel may and *must* give the client *the benefit of counsel's professional advice on this crucial decision*") (internal citation and quotation omitted).

■■■ Beyond informing a client of the existence of a plea offer, counsel must also provide the defendant with "knowledge of the comparative sentence exposure between standing trial and accepting a plea offer." *United States v. Gordon,* 156 F.3d 376, 380 (2d Cir.1998) (internal citations and quotations omitted); *see also Purdy v. United States,* 208 F.3d 41, 45 (2d Cir. 2000) ("[C]ounsel must communicate to the defendant the terms of the plea offer, and

should usually inform the defendant of the strengths and weaknesses of the case against him, as well as the alternative sentences to which he will most likely be exposed.") (internal citations omitted).

■■■ Where, as here, Reese contends that his ineffective assistance of counsel claim concerns a rejection of a proffered plea bargain, a petitioner must demonstrate a 'reasonable probability' that but for counsel's errors in considering or explaining a plea offer, he would have accepted the offer. *Boria,* 99 F.3d at 497; *see also Dedushaj v. Graham,* No. 07 Civ. 5401, 2008 WL 4858242, at *3 (S.D.N.Y. Nov. 7, 2008) ("With respect to a claim by a petitioner that the petitioner would have pleaded guilty if his counsel had urged him to do so, the petitioner must demonstrate that there is a 'reasonable probability' that but for his counsel's deficiencies, he would have pleaded guilty.") (*citing Purdy,* 208 F.3d at 49). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

■■■ To make this showing, "[Second Circuit] precedent requires some objective evidence other than defendant's assertions to establish prejudice." *Pham,* 317 F.3d at 182 (*citing Gordon,* 156 F.3d at 380–81). This probability must be shown with at least "some objective evidence other than defendant's self-serving assertions ... [,]" *Crisci v. United States,* 108 Fed.Appx. 25, 27 (S.D.N.Y.2004); *see also Pham,* 317 F.3d at 182 (2d Cir.2003) (requiring additional objective evidence), since "in most circumstances a convicted felon's self-serving testimony is not likely to be credible." *Purdy v. Zeldes,* 337 F.3d 253, 259 (2d Cir.2003).

■■■ Accordingly, a petitioner's unsubstantiated and self-serving statements are generally insufficient by themselves to sus-

tain an ineffective assistance of counsel claim unless they are found credible given all the relevant circumstances. *See Purdy,* 337 F.3d at 259 (noting that although a petitioner's statements ought not be rejected solely because they are unsubstantiated, they will be insufficient unless found credible given all relevant circumstances).

■ With respect to Reese's contention that his attorney failed to adequately advise him as to his plea offers, Reese's claim still fails. First, Reese has failed to show a reasonable probability that, if he had adequate time to review the plea offers and if his attorney had accurately conveyed the contents of the plea offers, he would have accepted a plea. Second, Reese only offers "self-serving, postconviction testimony," and not objective evidence, that he would have accepted the plea. *Muyet v. United States,* No. 03 civ. 4247, 2009 WL 2568430, at *1 (S.D.N.Y. Aug. 19, 2009).

Therefore, upon review of the record, including Reese's Motion for Reconsideration, the Court is not persuaded that Reese has presented any new facts or controlling law that the Court overlooked that might reasonably be expected to alter the Court's January 29 Decision. *See Rule 6.3* ; *Shrader,* 70 F.3d at 257; *Virgin Atl. Airways, Ltd.,* 956 F.2d at 1255. Thus, the Court concludes that reconsideration is not warranted and Reese's Motion for Reconsideration (Dkt. No. 194) is DENIED.

### *ORDER*

For the reasons stated above, it is hereby

ORDERED that the Motion for Reconsideration of the Court's Decision and Order dated January 29, 2016 (Dkt. No. 190)

of defendant Christopher E. Reese (Dkt. No. 194) is **DENIED.**

**SO ORDERED.**