Leslie Hausner MONTANILE,
Plaintiff,

v.

**NATIONAL BROADCASTING COMPA-
NY, General Electric; and Rosalyn
Weinman, Defendants.**

No. 00 Civ. 8946(VM).

United States District Court,
S.D. New York.

Aug. 23, 2002.

Glen B. Allyn, New York City, for plain-
tiff.

Howard L. Ganz, Proskauer Rose LLP, New York City, for defendants.

## *DECISION AND ORDER*

MARRERO, District Judge.

On June 27, 2002, the Court entered an Order in the above-captioned matter granting the National Broadcasting Company's ("NBC") and Rosalyn Weinman's ("Weinman") (collectively, the "Defendants") motion for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. Subsequently, the Court issued a Decision and Amended Order on July 18, 2002 setting forth the Court's rationale for granting the Defendants' motion for summary judgment. *See Montanile v. National Broadcast Company*, No. 00 Civ. 8946, 2002 WL 1628866 (S.D.N.Y. July 23, 2002) (the "Decision"). Plaintiff Leslie Hausner Montanile ("Montanile") has moved for reconsideration pursuant to Rule 59(e) contending that the Court "made numerous errors with respect to findings of fact" and " 'overlooked matters . . . which might have materially influenced the earlier decision.' " (Memorandum of Law in Support of Plaintiff's Rule 59(e) Motion for Reconsideration, dated Aug. 2, 2002 ("Pl.'s Memo"), at 1.) Montanile's contentions are baseless and merely reiterate the same arguments that she made in her opposition to the Defendants' motion for summary judgment. For the reasons set forth below, the motion for reconsideration is denied.

■ Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Management Sys. Inc. Secs. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y.2000). Under Local Rule 6.3, which governs motions for reconsideration, the moving party must demonstrate controlling law or factual matters put before the court on the underlying motion

that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision. *See Lichtenberg v. Besicorp Group Inc.*, 28 Fed. Appx. 73, 2002 WL 109483, *1 (2d Cir. Jan.25, 2002); *SEC v. Ashbury Capital Partners, L.P.*, No. 00 Civ. 7898, 2001 WL 604044, *1 (S.D.N.Y. May 31, 2001) (citing *AT & T Corp. v. Comty. Network Servs., Inc.*, No. 00 Civ. 316, 2000 WL 1174992, at *1 (S.D.N.Y. Aug.18, 2000) and Local Rule 6.3). Reconsideration may be granted to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence. *See Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992).

■ A Rule 59(e) motion, however, is not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion, nor to secure a rehearing on the merits with regard to issues already decided. *See Griffin Ind., Inc. v. Petrojam, Ltd.*, 72 F.Supp.2d 365, 368 (S.D.N.Y.1999). Consistent with these objectives, Local Rule 6.3 is designed to "ensure the finality of decisions and to prevent the practice of a losing party [from] examining a decision and then plugging the gaps of a lost motion with additional matters." *See id.* (citing *Carolco Pictures, Inc. v. Sirota*, 700 F.Supp. 169, 170 (S.D.N.Y.1988)). A Court must narrowly construe and strictly apply Local Rule 6.3, so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used as a substitute for appealing a final judgment. *See Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 150 (S.D.N.Y.1999); *In re Houbigant, Inc.*, 914 F.Supp. 997, 1001 (noting that a motion for reconsideration is not an opportunity for the moving party "to argue those issues

already considered when a party does not like the way the original motion was resolved.").

█ Here, the Court did not overlook the issues Montanile relies upon as grounds for reconsideration. Montanile urges reconsideration, in part, due to certain factual findings which remain in dispute between the parties, such as the actual date of Montanile's termination from NBC. Rather than glossing over these factual disputes, the Court unequivocally acknowledged that "[a]lthough at times the parties offer different versions of certain of the events involved in this case, these differences are not material so as to preclude summary judgment as a matter of law." *Id.* at *2. The Court was mindful of all of the factual disputes between the parties and took care to distinguish those disputes that impacted the case in a meaningful and material way.

As to the date of Montanile's termination, the Court noted that Montanile herself attested, in sworn pleadings, that the date of her termination was September 21, 1999. In the charge she filed with the federal Equal Employment Opportunity Commission, Montanile asserted that she was terminated on September 21, 1992. In her complaint filed in the New York State Supreme Court, New York County, Montanile unambiguously averred that "[i]n and around the morning of September 21, 1999 and upon leaving Weinman's office, plaintiff immediately reported Weinman's conduct to NBC's Employee Relations and that plaintiff had been fired for

having filed a complaint." (Compl. at 78.) In her opposition to the Defendants' summary judgment motion, Montanile claimed "that she was fired on the morning of September 21, 1999 by Weinman." (Plaintiff's Memorandum of Law in Opposition to Defendant's Rule 56 Motion for Summary Judgment, dated Oct. 22, 2001, at 22.) Given her own unambiguous assertions, it is surprising that Montanile now claims that the Court erred in its factual findings. In any event, the date of Montanile's termination proved meaningless in the final analysis, as Montanile failed to show that an alternate date of termination, by itself, would substantiate a genuine issue of material fact warranting trial as to any of her claims.

█ As to her claim of retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, Montanile points to one lone allegation in support of her contention that Weinman had knowledge of her complaint to NBC's Employee Relations Department and, consequently, that Weinman had unlawfully terminated her. Montanile alleges that Weinman said she did not " 'care if [plaintiff] complained about her.' " (Plaintiff's Reconsideration, at 1.)[1] This lone statement that Montanile seeks to attribute to Weinman falls far short of substantiating retaliation. It indicates nothing about what Weinman knew or did not know about an actual complaint, or about the substance of Montanile's complaint. On its face, the statement appears to be a

---

1. Incidentally, Montanile characterizes this statement as an "admission" by Weinman. (Pl.'s Memo, at 6 ("This is *contrary to the record,* which contains an admission by Defendant Weinman as to the following.") (emphasis in original).) This characterization is patently incorrect. The comment allegedly made by Weinman appears in Montanile's deposition during which Montanile testified as to her own recollections of what Weinman said. There is no possible way to construe this attribution as Weinman's own statement, or a statement of which Weinman has manifested an adoption or belief in its truth. In short, Montanile's own recollection of what someone else may have said falls far short of any of the definitions of an admission pursuant to Rule 801(d)(2) of the Federal Rules of Evidence.

general remark made in a dispute between two persons in the workplace.

Insofar as Montanile contends that the Court ignored this alleged statement by Weinman, she is mistaken. The Court recognized that Montanile had alleged one isolated incident that fell short of substantiating Weinman's knowledge of Montanile's complaint to NBC's Employee Relations Department. Against this, the Court weighed the sworn statements of Weinman that she had no knowledge of any institutional complaint filed by Montanile and of Alex McCauley who testified that NBC's Executive Vice President of Employee Relations specifically instructed all relevant parties not to discuss the complaint with Weinman and that none of them did so. *Montanile,* 2002 WL 1628866, at \*5. Thus, even affording Montanile all reasonable inferences in her favor, the evidence that Montanile cites in support of her claim is limited to her own speculations and assumptions.

As to Montanile's claim of employment discrimination, the Court found that Montanile had failed to present any evidence of circumstances giving rise to an inference of discrimination. *Id.* at \*4. Montanile's motion raises nothing to warrant reconsideration on this claim. None of the alleged changes in Montanile's terms and conditions of employment—minor changes in job responsibilities, the relocation of her desk and cessation of over-time pay—were related in any cognizable way to Montanile's claims of discrimination.

Furthermore, Montanile appears to ignore the critical analysis set forth in *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 506–08, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). The Defendants not only demonstrated that Montanile had failed to make out a prima facie case of discrimination, they also offered convincing evidence of legitimate, non-discriminatory reasons for their actions. Thus, in order to survive summary judgment, Montanile was obliged to present evidence suggesting that the Defendants' stated reasons were merely a pretext for discrimination. *Id.* at 507–08, 113 S.Ct. 2742. In her opposition papers and in her motion for reconsideration, Montanile merely rested on her inferential leaps and speculative assertions. Throughout the burden-shifting analysis in Title VII cases, the ultimate burden of proving intentional discrimination lies with the plaintiff. Montanile failed to carry her burden and the Court found no evidence that would even suggest circumstances giving rise to an inference of discrimination.

### CONCLUSION AND ORDER

For the reasons set forth above, it is hereby

**ORDERED** that Montanile's motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure [Doc. Nos. 26 & 27] is DENIED.

**SO ORDERED.**