In re LORAL SPACE &
COMMUNICATIONS
LTD., et al., Debtors.

Loral Stockholders Protective
Committee, Appellant,

v.

Loral Space & Communications
Ltd., et al., Appellees.

No. 05 Civ. 7975(VM).

United States District Court,
S.D. New York.

June 15, 2006.

Stephen Karotkin, Weil, Gotshal &
Manges LLP, New York, NY, for Debtors.

## DECISION AND ORDER

MARRERO, District Judge.

By Order dated May 26, 2006 ("the Order"), the Court granted the motion of Loral Space & Communications Ltd. ("Loral Ltd.") and its affiliated reorganized debtors and debtors in possession (collectively, "Loral") to dismiss as moot the appeal of *pro se* appellant Loral Stockholders Protective Committee ("LSPC") from two orders of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). By the same Order, the Court dismissed as moot LSPC's appeal of the Bankruptcy Court's order to strike certain items from the record on appeal.

■ LSPC now moves for an order pursuant to Local Civil Rule 6.3 granting reconsideration. LSPC's submission in support of its motion for reconsideration reiterates the same arguments that it made in its opposition to Loral's motion to dismiss the appeal as moot. Accordingly, the motion for reconsideration is denied.

■ Reconsideration of a previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litig.,* 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) (citations and quotation omitted). A motion for reconsideration under Local Rule 6.3 must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision. *See Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir.1995); *SEC v. Ashbury Capital Partners, L.P.,* No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001). Local Rule 6.3 is intended to " 'ensure the finality of decisions and to prevent the

practice of a losing party ... plugging the gaps of a lost motion with additional matters.' " *Ashbury Capital Partners,* 2001 WL 604044, at *1 (quoting *Carolco Pictures, Inc. v. Sirota,* 700 F.Supp. 169, 170 (S.D.N.Y.1988)). A court must narrowly construe and strictly apply Local Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent the rule from being used as a substitute for appealing a final judgment. *See Montanile v. Nat'l Broad. Co.,* 216 F.Supp.2d 341, 342 (S.D.N.Y.2002); *Shamis v. Ambassador Factors Corp.,* 187 F.R.D. 148, 151 (S.D.N.Y.1999).

LSPC's request cites no controlling law or factual matters the Court overlooked that might reasonably be expected to alter the outcome of the Order. In fact, the Court took into account and rejected the various considerations LSPC asserts as grounds for its motion.

■ When a bankruptcy reorganization plan has been substantially consummated, an appeal is presumed moot, and to overcome the presumption of mootness, an appellant must demonstrate each of five factors set forth in *In re Chateaugay Corp.,* 10 F.3d 944, 952 (2d Cir.1993). In its original papers opposing the motion to dismiss the appeal as moot, LSPC did not address the *Chateaugay* factors. In the instant motion for reconsideration, LSPC addresses several of those factors, arguing that the relief it seeks will not will not affect the re-emergence of Loral as a revitalized corporate entity and will not unravel intricate transactions so as to overturn the authorization for every transaction that has taken place and create an unmanageable situation for the Bankruptcy Court. However, the Court explicitly considered these issues in the Order and concluded that the relief sought—inspection of Loral's assets and redistribution of such assets should the inspection lead to a dif-

ferent valuation from that determined by the Bankruptcy Court—would indeed lead to such results, and thus LSPC could not overcome the presumption that its appeal is moot. LSPC has not set forth any factual matters overlooked by this Court that would alter its decision.

LSPC argues that *Chateaugay* and other similar cases are distinguishable because in those cases the shareholders sought to challenge and interfere with a bankruptcy consummation plan and thus stop the distribution of assets "through adversarial processes." (Loral Stockholder Protection [sic] Committee Petition for Reconsideration of the District Court Order Issued on May 26, 2006, dated June 8, 2006, at 3.) To the extent this argument suggests that the relief sought would not be so disruptive to support a finding that the appeal is moot under the *Chateaugay* factors, this Court has already considered LSPC's contention and concluded the opposite.

The remainder of LSPC's arguments concern the substance of the appeal and do not pertain to whether the appeal is moot. Therefore, LSPC's motion for reconsideration is denied.

### ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion of appellant Loral Stockholders Protective Committee (Docket No. 16) pursuant to Local Civil Rule 6.3 for reconsideration of the Order entered in this action on May 26, 2006 is DENIED.

**SO ORDERED.**