UNITED STATES of America,
Plaintiff,

v.

**Freddy FERMIN, et al., Defendant.**

**No. 91 CR. 634–02 (VM).**

United States District Court,
S.D. New York.

Nov. 14, 2008.

See also 277 Fed.Appx. 28.

Deborah Swindells Donovan, Anderson, Russell, Kill & Olick, P.C., New York, NY, for Plaintiff.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

## I. BACKGROUND

By Decision and Order dated July 25, 2008 (the "Order") (Docket No. 406), the Court denied the motion of defendant Freddy Fermin ("Fermin") for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) ("§ 3582(c)(2)") and consistent with Amendment 706 of the United States Federal Sentencing Guidelines ("Amendment 706") relating to crack cocaine. The Court determined that Fermin was not eligible for resentencing under § 3582(c)(2) and Amendment 706 because he was not charged with or convicted of any crime involving crack cocaine. Fermin now moves for an order granting reconsideration. For the reasons stated below, Fermin's motion for reconsideration is DENIED.

## II. STANDARD OF REVIEW

Reconsideration of a previous order by a court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litg.,* 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) (citations and quotation omitted). "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." *Schonberger v. Serchuk,* 742 F.Supp. 108, 119 (S.D.N.Y.1990).

"The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. National Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992) (*quoting* 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790). To these ends, a request for reconsideration under Local Civil Rule 6.3 must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court. *See Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir.1995).

Local Civil Rule 6.3 is intended to "'ensure the finality of decisions and to prevent the practice of a losing party ... plugging the gaps of a lost motion with additional matters.'" *S.E.C. v. Ashbury Capital Partners,* No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (*quoting Carolco Pictures, Inc. v. Sirota,* 700 F.Supp. 169, 170 (S.D.N.Y.1988)). A court must narrowly construe and strictly apply Local Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent the Rule from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment. *See Montanile v. National Broad. Co.,* 216 F.Supp.2d 341, 342 (S.D.N.Y.2002); *Shamis v. Ambassador Factors Corp.,* 187 F.R.D. 148, 151 (S.D.N.Y.1999).

### III. *DISCUSSION*

Fermin was convicted under 21 U.S.C. § 846, 842(a)(1) and (b)(1)(A) for conspiracy to distribute and possess with the intent to distribute narcotics, and 21 U.S.C. § 856(a) for managing a drug establishment. The November 17, 2005 Presentence Report (the "PSR") describes the trial evidence against Fermin as including the seizure of $1,175,500 (which was calculated to reflect 58 kilograms of cocaine), a shotgun and 35.2 grams of cocaine from his home, additional evidence regarding 200 grams cocaine base and evidence of heroin trafficking. According to the PSR, the jury made no finding as to drug amount. When Fermin was originally sentenced on March 2, 1993, the Honorable Louis J. Freeh found the amount of cocaine attributable to Fermin to be a total of 91.2 kilograms, including 33.2 kilograms of cocaine transacted and/or negotiated during the conspiracy and 58 kilograms included as relevant conduct. The PSR reports that "[n]o amounts for heroin or crack cocaine appear to have been determined" by Judge Freeh. Following a series of appeals, the amounts of drugs included as "relevant conduct" were excluded from consideration in Fermin's sentencing.

The 2005 PSR calculated Fermin's base offense level as 34, based on a drug amount of 33.2 kilograms of cocaine. With an adjustment for the use of a weapon in connection with the offense, and a criminal history category of IV, Fermin's sentencing guidelines range was calculated as 262 to 327 months' imprisonment. Following various appeals, Fermin was ultimately sentenced by the Honorable Michael Mukasey on April 10, 2006. Judge Mukasey determined that the amount of cocaine attributable to Fermin for sentencing purposes was 33.2 kilograms. A judgment of conviction entered April 10, 2006, reflects a sentence of 262 months' imprisonment.

Fermin now asserts that he may have been held responsible for 200 grams of crack cocaine when he was sentenced. A report by the Probation Department dated August 29, 2008, prepared in response to Fermin's instant motion, concludes that, although the overall conspiracy in which Fermin participated involved

the distribution of heroin, cocaine and crack cocaine, Fermin was sentenced solely for the distribution of cocaine. Similarly, in its response to Fermin's motion for reconsideration, the Government asserts that Fermin is not eligible for resentencing because Judge Mukasey sentenced Fermin on the basis of 33.2 kilograms of cocaine and not on the basis of any amount of crack cocaine.

As reflected in the transcript of Fermin's April 10, 2006 sentencing, Judge Mukasey referred to the 33.2 kilograms of cocaine when determining Fermin's offense level. The Second Circuit affirmed Fermin's sentence, specifically approving the 33–kilogram amount determination originally made by Judge Freeh and adopted by Judge Mukasey. There is no indication that Fermin's sentence was based on any drugs amounts other than 33.2 kilograms of cocaine.

Fermin argues that Judge Freeh's original cocaine amount determination may have been influenced by his knowledge of the crack cocaine distributed by the Fermin's drug enterprise. There is no indication on the record that Judge Freeh or Judge Mukasey factored the crack cocaine amounts into their determinations of the cocaine quantity used to sentence Fermin, a sentence that was upheld by the Second Circuit. Fermin's mere speculation is not sufficient to warrant a reconsideration of the Court's order denying resentencing.

### III. *ORDER*

For the reasons stated above, it is hereby **ORDERED** that the motion of defendant Freddy Fermin for reconsideration of the Court's order denying resentencing (Docket No. 407) is DENIED.

**SO ORDERED.**