**Rose QADER, Plaintiff,**

**v.**

**RUSHMORE RECOVERY et al., Defendants.**

**No. 09 Civ. 6855(VM).**

United States District Court, S.D. New York.

Oct. 26, 2009.

Order Denying Reconsideration Nov. 13, 2009.

"Amended Complaint"). On October 5, 2009, Citibank filed a motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b) ("Rule 12(b)(6)"). Rushmore filed its answer on October 12, 2009, raising various affirmative defenses and seeking dismissal of the Amended Complaint. Qader filed an Affirmation in Opposition to the Motion to Dismiss on October 13, 2009.

For the reasons stated below, the motion to dismiss is GRANTED with respect to all Defendants.

Rose Qader, Bronx, NY, pro se.

Scott Evan Wortman, Anthony Galano, III, Holly R. Froum, Ellenoff Grossman & Schole LLP, New York, NY, for Defendants.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Pro se plaintiff Rose Qader ("Qader") brought this action in New York Civil Court, County of New York on June 17, 2009, against defendants Rushmore Recoveries, LLC ("Rushmore") (incorrectly sued as "Rushmore Recovery"); Citibank (South Dakota), N.A. ("Citibank") (incorrectly sued as "City Bank Universal Card Services"); and Tod E. Houseland–Houseland Associates ("Houseland") (incorrectly sued as "Tod E. Housland–Housland Associates") (collectively, "Defendants"). Citibank removed the action to this Court by filing a notice of removal on August 3, 2009, and filed a pre-answer motion to dismiss the complaint on August 10, 2009.

The Court held a conference with the parties on August 19, 2009. At the conference, the Court directed Qader to file an amended complaint correcting the deficiencies that Citibank pointed out in its motion to dismiss. Qader filed the amended complaint on September 8, 2009 (the

### I. LEGAL STANDARD

In assessing a motion to dismiss under Rule 12(b)(6), dismissal of a complaint is appropriate if the plaintiff has failed to offer factual allegations sufficient to render the asserted claim plausible on its face. *See Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To state a facially plausible claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, a court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955.

For the purposes of deciding a motion to dismiss, the Court accepts the factual allegations in a complaint as true, and draws all reasonable inferences in the plaintiff's favor. *See Iqbal,* 129 S.Ct. at 1950 ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002) (all reasonable inferences shall be drawn in plaintiff's favor).

However, allegations that are no more than legal conclusions "are not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950.

## II. *DISCUSSION*

■ Citibank argues, and the Court agrees, that Qader fails to allege any facts supporting her claims against Citibank, or any of the Defendants. As far as the Court can tell, the Amended Complaint lists at least ten causes of action, alleging violations of (1) the "Civil Right[s] Act"; (2) the "Fair Credit Reporting Act"; (3) the First Amendment; (4) the "Credit Card Law Consumer Law"; (5) due process; (6) "the Constitution[al] Law of the state [and] the Public Inters[t]"; (7) equal protection and the "Fair Credit Reporting Act" and the "Fair Debt Collection Practices Act"; (8) "Social Security"; (9) "duty to ... a non client in ... connection [with] [credit] fraud"; and (10) "Consumer Protection Law". (*Amended Complaint* at 6–8.) However, the Amended Complaint does not allege that any specific acts or practices by any of the Defendants caused the harms mentioned throughout the Amended Complaint.

Instead, the Amended Complaint makes numerous, general references to "oppressive," "unfair," "fraudulant [sic]," "unconscionable" acts, an "illegal and unconstitutional seizure of fund[s]," "bad faith," "no right to collect t[h]ird party debt," and "notices required by law." (*Id.* at 4.) There are also references to a frozen account, a breach of trade commission rules, and a credit card scam, (*see id.* at 2), as well as forgery of a false affidavit, harm to Qader's credit score, a frozen account, use of Qader's social security number, and a false libelous statement, (*see id.* at 5).

The Amended Complaint does allege that Qader has never been a customer of Citibank, and has never had a credit card from Citibank. However, this does not "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. The Court must credit a plaintiff's "well-pleaded factual allegations" at the motion to dismiss stage, *Iqbal*, 129 S.Ct. at 1950, but there are no well-pleaded factual allegations here. Instead, the Amended Complaint lists a litany of allegations that are essentially legal conclusions, and thus "are not entitled to the assumption of truth." *Id.* at 1950. When the Amended Complaint does refer to factual occurrences, it does so in general terms and offers no indication of how any of the Defendants were involved in such occurrences.

The Court finds that the Amended Complaint fails to state a claim upon which relief can be granted, and therefore GRANTS the motion to dismiss. The Court has the authority to dismiss the Amended Complaint as against defendants Rushmore and Houseland sua sponte. *See Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (district courts can sua sponte dismiss complaints even without 28 U.S.C. § 1915(e)(2), which specifically authorizes sua sponte dismissals in cases where plaintiffs proceed in forma pauperis). The Court will dismiss the Amended Complaint as to Rushmore and Houseland for the same reasons that it grants Citibank's motion to dismiss.

## III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 15) to dismiss the first amended complaint is GRANTED. The amended complaint is dismissed with prejudice as to defendants Rushmore Recoveries, LLC (incorrectly sued as "Rushmore Recovery"); Citibank (South Dakota), N.A. (in-

correctly sued as "City Bank Universal Card Services"); and Tod E. Houseland–Houseland Associates (incorrectly sued as "Tod E. Housland–Housland Associates").

The Clerk of the Court is directed to withdraw any pending motions and to close this case.

**SO ORDERED.**

### DECISION AND ORDER

#### I. BACKGROUND

By Decision and Order dated October 23, 2009 (the "Order") [1], the Court granted the motion of defendants Rushmore Recovery, LLC, Citibank (South Dakota), N.A., and Tod E. Houseland–Houseland Associates (collectively, "Defendants") to dismiss the complaint of plaintiff Rose Qader ("Qader") pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court, after allowing Quader an opportunity to file an amended complaint, determined that Qader had failed in the amended pleadings to state a plausible claim upon which relief can be granted against any of the Defendants.

Qader now moves for an order pursuant to Local Civil Rule 6.3 granting reconsideration. Qader's submission in support of the instant motion reiterates essentially the same matters she raised in the amended complaint and in response to the underlying motion to dismiss, and thus merely repeats points that this Court already fully considered and found meritless.

#### II. STANDARD OF REVIEW

 Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litg.*, 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) (citations and quotation marks omitted). "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." *Schonberger v. Serchuk*, 742 F.Supp. 108, 119 (S.D.N.Y. 1990). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.' " *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (*quoting* 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790). To these ends, a request for reconsideration under Local Rule 6.3 ("Rule 6.3"), which governs motions for reconsideration, must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995).

 Rule 6.3 is intended to " 'ensure the finality of decisions and to prevent the practice of a losing party . . . plugging the gaps of a lost motion with additional matters.' " *S.E.C. v. Ashbury Capital Partners*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (*quoting Carolco Pictures, Inc. v. Sirota*, 700 F.Supp. 169, 170 (S.D.N.Y.1988)). A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judg-

---

1. The Order is reported as *Qader v. Rushmore Recoveries*, No. 09–Civ 6855, 2009 WL 3633892 (S.D.N.Y. Oct. 26, 2009).

ment. *See Montanile v. National Broad. Co.,* 216 F.Supp.2d 341, 342 (S.D.N.Y. 2002); *Shamis v. Ambassador Factors Corp.,* 187 F.R.D. 148, 151 (S.D.N.Y.1999).

## III. *DISCUSSION*

■ Qader urges reconsideration on the basis of the same arguments that were raised in connection with her opposition to Defendants' underlying motion. The motion at hand cites no controlling law or factual matters the Court overlooked that might reasonably be expected to alter the outcome of the Order. Indeed, the Court took into account and rejected the various objections Qader now asserts as grounds for reconsideration. In addition, the Court noted that the matters raised in Qader's original complaint contained nothing more than general or conclusory allegations stated in a somewhat vague and discursive manner. The instant motion merely restates the same matters with no more coherence, and expands into personal attacks on defense counsel and the Court.

Because Qader has failed to identify any controlling law or factual matters put to the Court on the underlying motion that the Court demonstrably did not consider, Qader's motion for reconsideration is DENIED.

## IV. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that motion (Docket No. 20) of plaintiff Rose Qader for reconsideration of the Court's Decision and Order dated October 23, 2009, is DENIED.

**SO ORDERED.**