**ALLIANCE FOR OPEN SOCIETY INTERNATIONAL, INC. et al., Plaintiffs,**

v.

**UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT et al., Defendants.**

**05 Civ. 8209**

United States District Court, S.D. New York.

Signed June 6, 2017

Aziz Huq, Burt Neuborne, David Stuart Udell, Laura Klein Abel, Rebekah Ruth Diller, Brennan Center for Justice, David William Bowker, Wilmer, Cutler, Hale & Dorr, L.L.P. (NYC), New York, NY, Richard A. Johnston, Hale and Dorr, LLP, Boston, MA, for Plaintiffs.

Benjamin H. Torrance, U.S. Attorney's Office, SDNY (Chambers Street), Richard Edward Rosberger, Milbank, Tweed, Hadley & McCloy, LLP, New York, NY, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, United States District Judge.

Plaintiffs Alliance for Open Society International, Open Society Institute, Pathfinder International, InterAction, and Global Health Council (collectively "Plaintiffs") brought this action against defendants the United States Agency for International Development, the United States Department of Health and Human Services, and the United States Centers for Disease Control and Prevention (collectively, "Defendants" or the "Government"). On

January 13, 2017, Defendants moved for reconsideration of this Court's January 30, 2015 order converting the preliminary injunction issued by this Court in this matter into a permanent injunction. ("Motion," Dkt. No. 154.) For the reasons discussed further below, the Motion is DENIED.

## I. BACKGROUND

In light of this case's long history before this Court, the Court assumes familiarity with the factual background and lengthy procedural developments in this litigation and addresses only briefly the relevant background below.

Plaintiffs initiated this litigation in 2005, seeking a preliminary injunction barring the Government from applying 22 U.S.C. Section 7631(f), which requires an organization, to be eligible for Government grants under the United States Leadership Against HIV/AIDS, Tuberculosis, and Malaria Act of 2003 (the "Leadership Act"), to have a "policy explicitly opposing prostitution and sex trafficking" (the "Policy Requirement"). (See Dkt. Nos. 1, 20, 84.) This Court granted a preliminary injunction barring the Government from enforcing the Policy Requirement against Plaintiffs because enforcement would cause Plaintiffs irreparable harm and amount to coerced speech endorsing the Government's message, thereby violating their First Amendment right to free speech. (See Dkt. Nos. 49, 53, 83.) This Court's decision was affirmed by the Second Circuit and subsequently by the United States Supreme Court. See Alliance for Open Soc'y Int'l, Inc. v. U.S. Agency for Int'l Dev., 651 F.3d 218, 224 (2d Cir. 2011), aff'd, 570 U.S. 205, 133 S.Ct. 2321, 186 L.Ed.2d 398 (2013).

By order dated January 30, 2015, this Court converted the preliminary injunction to a permanent injunction. See Alliance for Open Soc'y Int'l, Inc. v. U.S. Agency for Int'l Dev., 106 F.Supp.3d 355 (S.D.N.Y. 2015) ("January 2015 Order"). The January 2015 Order permanently enjoined the Government from "issuing any official communications . . . that include the Policy Requirement without also including a clear exemption for Plaintiffs and their domestic and foreign affiliates" and "applying the Policy Requirement to Plaintiffs or their domestic and foreign affiliates[.]" Id. at 363. The Court further ordered the Government to show cause why "enforcing the Policy Requirement against any organization and why allowing the Government to continue to apply the Policy Requirement would not violate the Supreme Court's decision in this matter." Id. at 363–64.

On January 13, 2017, the Government moved for reconsideration and clarification of the Court's January 2015 Order. ("Motion," Dkt. No. 153.) Although the Government notes it may appeal other aspects of the January 2015 Order, the Motion before the Court "is limited to certain aspects of the Court's ruling." ("Memorandum," Dkt. No. 154, at 2.) In particular, the Government maintains that "[t]he injunction against applying the statutory requirement to 'affiliates' is unclear, and requires the government to make determinations about who is an 'affiliate' without established criteria and based on information the government does not have." (Id.) The Government argues that this Court should therefore "clarify the standards for determining which affiliates are sufficiently clearly identified with funding recipients [such] that they are encompassed within the injunction, and clarify how the application of that standard would function under the injunction." (Id. at 5.) The Government further contends that the injunction regarding enforcement of the Policy Requirement against Plaintiffs or domestic affiliates is unnecessary because "it is undisputed that the Govern-

ment has not actually enforced the Policy Requirement against Plaintiffs or any other U.S.-based organization since the Supreme Court's 2013 decision." (Id. at 6 (citation and quotation marks omitted).)

In addition, the Government argues that the portion of the January 2015 Order directing the Government to show cause why its enforcement of the Policy Requirement against any organization would not violate the decisions by the Supreme Court and this Court "extends beyond what is necessary to prevent future violations of what the Court has ruled is required by the Constitution[.]" (Id. at 2.) Specifically, the Government argues that "the injunction's application to non-parties exceeds the Court's power, granting relief that plaintiffs never asked for and do not have standing to ask for." (Id.) Therefore, the Government requests that the Court withdraw the show cause portion of the January 2015 Order and any contemplated proceeding on the permanent injunction's application to other parties. (See id. at 8.)

The Government also requested that the Court extend the stay granted previously by this Court pending the Government's determination whether to file a motion for reconsideration. (See id. at 9–10 (citing Dkt. Nos. 122, 125, 128, 129, 131, 132, 134, 136, 138, 140, 142, 145, 147, 149, 151).) The Court granted the extension of the stay pending the resolution of the Motion. (See Dkt. Nos. 155, 159, 161, 164.)

On February 24, 2017, Plaintiffs filed their opposition to the Government's Motion, arguing that the permanent injunction, as stated in the January 2015 Order, (1) was properly granted; (2) appropriately reaches Plaintiffs' foreign affiliates; and (3) is sufficiently clear. ("Opposition," see Dkt. No. 162, at 6–13.) Plaintiffs argue that the permanent injunction was proper in light of Plaintiffs' "actual success on the merits" at every stage of litigation and

because of the Government's violations of the preliminary injunction and the Supreme Court's 2013 decision for over a year by failing to communicate the exemption to the Policy Requirement in "other communications[.]" (Id. at 6.) Moreover, Plaintiffs argue that the January 2015 Order explained in detail the rationale for extending the permanent injunction to any affiliate—foreign or domestic—of a domestic NGO, and that the Government's arguments regarding foreign affiliates are simply restatements of arguments it has already presented to this Court at prior stages of litigation. (Id. at 8–9.) Nonetheless, Plaintiffs state that, although the January 2015 Order is sufficiently clear, Plaintiffs would be amenable to additional language clarifying the meaning of "'clearly identified' foreign affiliate [.]" (Id. at 11; see also id. at 11–13.) Plaintiffs further argue that, as the Order to Show Cause portion of the January 2015 Order "has no injunctive effect and does not alter the scope of the permanent injunction[,]" the Government's objections to the Order to Show Cause are misplaced and, therefore, the permanent injunction need not be modified. (Id. at 13.)

Accordingly, Plaintiffs argue that no further stay of the injunction is warranted and the Plaintiffs should "at long last" benefit from the relief to which they are entitled. (Id. at 14.)

In its reply memorandum dated March 6, 2017, the Government reiterates that the permanent injunction was improper and is insufficiently clear. In addition, the Government argues that Plaintiffs' proposals regarding clarifying language or case-by-case review of affiliates would still fail to resolve the Government's concerns regarding the permanent injunction's application to affiliate organizations. (See Dkt. No. 163, at 2–5.)

## II. DISCUSSION

█ Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F.Supp.2d 613, 614 (S.D.N.Y. 2000). The provision for reargument "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple . . . ." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation and internal quotation marks omitted). The primary grounds justifying reconsideration are "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)).

█ Local Rule 6.3 ("Rule 6.3"), which provides for reconsideration or reargument upon motion, is intended to " 'ensure the finality of decisions and to prevent the practice of a losing party . . . plugging the gaps of a lost motion with additional matters.' " S.E.C. v. Ashbury Capital Partners, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting Carolco Pictures, Inc. v. Sirota, 700 F.Supp. 169, 170 (S.D.N.Y. 1988)). Under Rule 6.3, a moving party must point to controlling law or factual matters that the court overlooked in its decision on the underlying matter and that might reasonably be expected to alter the conclusion reached by the court. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Rule 6.3 must be narrowly construed and strictly applied so as to "avoid duplicative rulings on previously considered issues" and prevent the rule from being used to advance theories not previously argued or "as a substitute for appealing a final judgment." Montanile v. Nat'l Broad. Co., 216 F.Supp.2d 341, 342 (S.D.N.Y. 2002); see also Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999).

█ The Court finds that the Government has failed to present "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" sufficient to warrant reconsideration of the January 2015 Order. Kolel Beth, 729 F.3d at 104.

The Motion states the Government's disagreement with the January 2015 Order's issuance of the permanent injunction and the injunction's reach to foreign affiliates, without citing to or presenting new facts, evidence, or intervening legal authority in support of its position. Rather, the Motion repeats almost identically many of the arguments the Government made previously in opposition to Plaintiffs' motion to convert the preliminary injunction to a permanent injunction. (Compare Dkt. No. 107, at 2, and Dkt. No. 117, at 2, with Memorandum at 6 (arguing against permanent injunction in light of Government's alleged compliance with the preliminary injunction and the Supreme Court's Order); compare Dkt. No. 107, at 2, with Memorandum at 4 (citing identical authority in support of argument that injunction should not reach foreign affiliates).)

The Court has already considered and, upon issuing the January 2015 Order, rejected these arguments. Without more, the Government presents no basis to reconsider the issuance of the permanent injunction or its application to foreign and domestic affiliates.

In addition, the Government has failed to show that the January 2015 Order's alleged lack of clarity rises to the level of "clear error or ... manifest injustice" warranting reconsideration. Kolel Beth, 729 F.3d at 104. A permanent injunction must "describe in reasonable detail ... the act or acts restrained or required." Fed. R. Civ. P. 65(d). This Court's command "that the Government is permanently enjoined from applying the Policy Requirement to Plaintiffs or their domestic and foreign affiliates" is straightforward. Open Soc'y Int'l, 106 F.Supp.3d at 363. The Government argues that the January 2015 Order provides insufficient guidance on how to identify affiliates covered by the injunction. An "affiliate" is "[a] corporation that is related to another corporation by shareholdings or other means of control; a subsidiary, parent, or sibling corporation." Black's Law Dictionary 69 (10th ed. 2014); see also Affiliate Definition, Oxford English Dictionaries, https://en.oxford dictionaries.com/definition/affiliate (last visited June 2, 2017) (defining the noun as "[a] person or organization officially attached to a larger body"). The class of nongovernmental organizations, or corporations, which share such a relationship with Plaintiffs and are thus affiliates for the purposes of the permanent injunction is almost certainly limited and ascertainable. Accordingly, the Court finds that the permanent injunction is "specific and definite enough to apprise [the Government] of the conduct that is being proscribed[,]" N.Y. State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1352 (2d Cir. 1989), and that denying the Motion on this point would not result in "clear error or ... manifest injustice[,]" Kolel Beth, 729 F.3d at 104. Insofar as the Government needs any additional guidance in defining "affiliate" or identifying specific entities that would be covered by the definition, Plaintiffs have offered a reasonable suggestion to develop clarifying language. The parties therefore should meet and confer in an effort to propose an agreed-upon response within thirty days of the date of this Order. The parties are directed to submit a report on the status of such discussions at that time.

The Court also finds that the Government's arguments concerning the Order to Show Cause contained in the January 2015 Order are unwarranted. The January 2015 Order noted that, "[b]ased on the Supreme Court's ruling, this Court foresees no constitutional application of the Policy Requirement as to domestic NGOs or their affiliates." Open Soc'y Int'l, 106 F.Supp.3d at 363. The January 2015 Order further explained:

> For the same reasons that the Policy Requirement cannot be applied to the Plaintiffs without violating their constitutional rights, applying it to other domestic NGOs or their affiliates would likewise violate their constitutional rights. If the Government intends to apply the Policy Requirement to any organizations whatsoever, then the Government must show cause identifying which categories of organizations and why imposing the requirement would not violate the decisions of this Court and the Supreme Court.

Id.

Because the Supreme Court's 2013 decision squarely presents the Policy Requirement's potential violation of the First Amendment on its face, not merely as applied, the Court finds no reason why the Order to Show Cause contained in the January 2015 Order is improper. See Alliance, 133 S.Ct. at 2332 ("The Policy Requirement compels as a condition of federal funding the affirmation of a belief that by its nature cannot be confined within the scope of the Government program. In so doing, it violates the First Amendment and cannot be sustained.") Although the Gov-

ernment erroneously suggests that this portion of the January 2015 Order extends the injunction to non-parties to this case, it does no such thing. Accordingly, the Court concludes that reconsideration or withdrawal of that portion of the January 2015 Order is not warranted, and further notes that the Government has to date failed to respond to the Order to Show Cause of the January 2015 Order.

Finally, the Court granted a stay of the permanent injunction pending the Government's determination regarding whether to file a motion for reconsideration and then extended the stay pending the resolution of this Motion. Having found Plaintiffs successful on the merits in the January 2015 Order and now denying the Government's motion for reconsideration, the Court concludes that the stay of the permanent injunction is no longer necessary and should be lifted.

## III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the Government's motion for reconsideration and clarification of this Court's January 30, 2015 order (Dkt. No. 153) is **DENIED**; and it is further

**ORDERED** that the stay issued pending this Court's decision on the Government's Motion is **LIFTED.**