VICTOR MARRERO, United States District Judge.
Interpleader Plaintiff U.S. Bank National Association ("U.S. Bank") brought this action against interpleader defendants Triaxx Asset Management LLC ("Triaxx"), Triaxx Prime CDO 2006-1, Ltd., Triaxx Prime CDO 2006-2, Ltd., Triaxx Prime CDO 2007-1, Ltd. (together with Triaxx Prime CDO 2006-1, Ltd. and Triaxx Prime CDO 2006-2, Ltd., the "Issuers"), Pacific Investment Management Company, LLC ("PIMCO"), Phoenix Real Estate Solutions Ltd. ("Phoenix"), Cede & Co., Goldman Sachs & Co. ("Goldman Sachs"), and John Does 1-100 (collectively, "Interpleader Defendants"). On September *244 17, 2018, the Court denied Triaxx's motion for a preliminary injunction with respect to the payment of Triaxx's legal fees incurred in connection with this action. See U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC, 334 F.Supp.3d 566 (S.D.N.Y. 2018) (hereafter, the "September 17 Decision and Order," Dkt. No. 80). On October 1, 2018, Triaxx filed a motion requesting reconsideration of the September 17 Decision and Order. (See"Triaxx Motion," Dkt. No. 83; "Triaxx Mem.," Dkt. No. 84.) For the reasons set forth below, the Triaxx Motion is denied.
I. BACKGROUND
U.S. Bank, acting solely in its capacity as trustee under the 2006-1 Indenture, the 2006-2 Indenture, and the 2007-1 Indenture (collectively, the "Indentures"), filed this action in May 2018. In its original complaint, U.S. Bank sought adjudication of the rights of the Interpleader Defendants with respect to the payment of certain invoices under the Indentures. (See"Original Complaint," Dkt. No. 1.) In July 2018, U.S. Bank amended the Original Complaint to add an additional dispute: adjudication of the rights of the Interpleader Defendants with respect to the payment of legal expenses incurred by Triaxx and Phoenix in connection with this action. (See"First Amended Complaint," Dkt. No. 42.) More recently, in October 2018, U.S. Bank filed a second amended complaint, which added a request for declaratory judgment regarding the treatment of certain proceeds or recoveries received by, or otherwise possessed by, the Issuers and/or Triaxx (the "Recoveries"). (See"Second Amended Complaint," Dkt. No. 97.)
On August 3, 2018 -- less than a month after U.S. Bank filed the First Amended Complaint adding a request for adjudication of Triaxx's right to have its legal fees indemnified -- Triaxx submitted a letter to the Court requesting a pre-motion conference regarding a contemplated motion for injunctive relief. ("August 3 Letter," Dkt. No. 50.) Specifically, Triaxx sought a preliminary injunction requiring U.S. Bank to pay the legal fees incurred by Triaxx in connection with this action. Triaxx argued that the agreements at issue in this case entitled Triaxx to indemnification of its legal fees, which were to be paid as they were incurred. Triaxx also argued that it would suffer immediate and irreparable harm absent a preliminary injunction. (See id. ) On August 7, 2018, PIMCO submitted a letter in opposition to Triaxx's request, arguing that Triaxx failed to satisfy the requirements for a preliminary injunction -- namely, Triaxx failed to show an irreparable injury. (See"August 7 Letter," Dkt. No. 51.)
On September 17, 2018, the Court, construing the parties' correspondence as a motion for a preliminary injunction, denied Triaxx's request for injunctive relief. The Court held that Triaxx had failed to show that it would suffer an immediate injury or irreparable harm absent the grant of a preliminary injunction. (See September 17 Decision and Order at 3-4.) The Court's decision was further informed by its finding that any injury Triaxx might suffer in the absence of a preliminary injunction could be remedied by an award of money damages after trial. (Id. at 4.)
On October 1, 2018, Triaxx filed the instant motion requesting reconsideration of the Court's September 17 Decision and Order. Triaxx argues that the Court, by construing the parties' correspondence as a motion, deprived Triaxx of the opportunity to brief fully the issue of whether a preliminary injunction is warranted in this case. (See Triaxx Mem. at 1.) According to Triaxx, the Court therefore "overlooked the controlling facts and law which would *245 have been contained in Triaxx's full motion papers," thereby hindering Triaxx's ability to carry its burden. (Id. ) Triaxx contends that this posture constitutes an "exceptional circumstance [ ]" warranting reconsideration. (See id. at 4-6.) In support of its motion, Triaxx purports to submit facts (as well as controlling decisions) satisfying Triaxx's burden for a preliminary injunction. Specifically, Triaxx argues that the dispute regarding payment of its legal fees, which was added to this action in the First Amended Complaint, was manufactured by PIMCO. (See id. at 9-10.) Furthermore, Triaxx asserts that it "does not have available funds or sources of income sufficient to advance the already incurred and anticipated counsel fees pending the outcome of this litigation." (Id. at 10.) Triaxx submits and relies on the declaration of Nicholas J. Calamari, General Counsel of Triaxx, in support of this purported fact. (See"Calamari Decl.," Dkt. No. 85.)
On October 31, 2018, Interpleader Defendants PIMCO and Goldman Sachs filed a joint memorandum of law in opposition to the Triaxx Motion. (See"Joint Opp'n," Dkt. No. 101.) PIMCO and Goldman Sachs make two arguments. First, they argue that the Court properly exercised its discretion in issuing the September 17 Decision and Order. (Id. at 8-10.) Second, they argue that Triaxx has failed both to show that it would suffer irreparable harm in the absence of a preliminary injunction and to demonstrate that it is likely to succeed on the merits. PIMCO and Goldman Sachs argue that Triaxx did not submit any new facts or law in support of its motion for reconsideration.[1] (Id. at 11-21.) Finally, in the event the Court grants Triaxx a preliminary injunction, PIMCO and Goldman Sachs request that Triaxx be required to post a bond. (Id. at 21-22.)
On November 9, 2018, Triaxx filed a reply memorandum of law in further support of its motion for reconsideration. (See"Triaxx Reply," Dkt. No. 109.) At the outset of its reply, Triaxx notes that its motion for a preliminary injunction is directed against the Issuers and the Trustee, neither of whom have opposed or otherwise responded to the Triaxx Motion. (Id. at 1.) Triaxx proceeds to argue that the Court abused its discretion in denying Triaxx's request for a preliminary injunction based on its pre-motion correspondence. (See id. at 1-3.) Triaxx also contends that it has satisfied its burden relating to injunctive relief. (See id. at 4-10.)
II. LEGAL STANDARD
Local Rule 6.3 (" Rule 6.3") governs reconsideration, which is "intended to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.' " SEC v. Ashbury Capital Partners, L.P., No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting Carolco Pictures, Inc. v. Sirota, 700 F.Supp. 169, 170 (S.D.N.Y. 1988) ). When assessing a motion for reconsideration, a district court must "narrowly construe and strictly apply" Rule 6.3 in order to "avoid duplicative rulings on previously considered issues" and to prevent Rule 6.3 from being used to *246 advance theories not previously argued or as "a substitute for appealing a final judgment." Montanile v. Nat'l Broad. Co., 216 F.Supp.2d 341, 342 (S.D.N.Y. 2002) ; see also Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999).
Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F.Supp.2d 613, 614 (S.D.N.Y. 2000). Accordingly, the Court of Appeals for the Second Circuit has held that the standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.' " Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4478 at 790 (2d ed.) ); accord Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257 ; see also Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (finding that reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple" (internal quotation marks omitted) ).
The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (quoting Nemaizer v. Baker, 793 F.2d 58, 61-62 (2d Cir. 1986) ).
III. DISCUSSION
In requesting reconsideration of the Court's September 17 Decision and Order, Triaxx primarily argues that the Court's decision to construe the August 3 Letter as a motion for a preliminary injunction constitutes an "exceptional circumstance [ ]" warranting reconsideration. Nemaizer, 793 F.2d at 61. According to Triaxx, this posture is both an exceptional circumstance and a "manifest injustice," Virgin Atl., 956 F.2d at 1255, because it means the Court "overlooked the controlling facts and law which would have been contained in Triaxx's full motion papers." (Triaxx Mem. at 1.) In its motion for reconsideration, Triaxx sets forth the facts and law which it believes the Court overlooked when considering the pre-motion letters. (See Triaxx Mem. at 4-6; 11-26.)
At the outset, the Court notes that Triaxx's argument appears principally to express disagreement. Triaxx disagrees with the Court's conclusion that a preliminary injunction is unwarranted at this stage of the litigation based on the factual record and controlling law. Triaxx also disagrees with the application in this action of the Court's practice of construing, where appropriate, pre-motion letters as motions.
Even so, Triaxx has failed to present "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" sufficient to warrant reconsideration of the Court's September 17 Decision and Order. Kolel Beth, 729 F.3d at 104. Specifically, Triaxx has failed to "point to *247 controlling decisions or data that the court overlooked[.]" Shrader, 70 F.3d at 257. None of the cases to which Triaxx cites in its memorandum of law postdate the September 17 Decision and Order. Triaxx argues that a motion for reconsideration is necessary so that it can present the "operative law." (Triaxx Mem. at 4.) But the cases to which Triaxx cites do not alter the legal standard that the Court already considered and applied when issuing the September 17 Decision and Order. The cases cited by Triaxx in its motion therefore do not constitute "an intervening change in controlling law" as required for reconsideration. Kolel Beth, 729 F.3d at 104.
Furthermore, insofar as Triaxx contends that the letter-motion procedure the Court applied denied Triaxx a full opportunity to present relevant material, Triaxx presumably has done so in connection with its request for reconsideration, and the Court has considered that submission. Even so, the Court is not persuaded that the purportedly new and additional evidence now before it mandates a result different from the one it reached in its September 17 Decision and Order. The purportedly new information Triaxx now presents consists of its declaration that it has no funds with which to pay its legal fees: "Triaxx does not have available funds or sources of income sufficient to advance counsel fees pending the outcome of this litigation[.]" (Calamari Decl. ¶ 22.) As a result, Triaxx argues that "[t]he only means by which Triaxx may continue to pay its legal fees in defending this action" is a preliminary injunction requiring the Trustee to indemnify Triaxx for its legal fees. (Id. ¶ 24.) For the two reasons set forth below, the Court is not convinced that this information warrants reconsideration of the September 17 Decision and Order.
First, as reflected by the voluminous letter exchanges the Court has received in this action, Triaxx had ample opportunity in its prior submissions to bring the purportedly new facts to the Court's attention. Most notably, Triaxx could have presented this information in its August 3 Letter. In its motion for reconsideration, Triaxx does not explain why the information it now relies upon was not submitted to the Court in its August 3 Letter. Nor does Triaxx claim that the information it now presents to the Court is new. Namely, Triaxx does not argue that it previously had funds with which to pay its legal fees, but it no longer has such funds. (See Calamari Decl. ¶¶ 22-24.) Because it appears that all the purportedly new evidence was known to Triaxx at the time it made its initial request for a preliminary injunction, the purportedly new evidence does not warrant reconsideration of the Court's prior decision.
Second, as PIMCO and Goldman Sachs note in opposition, there is an open dispute about whether Triaxx has received the Recoveries. (See Second Amended Complaint ¶¶ 61-68.) If true, then Triaxx has an alternative source of funds that it could use to cover its legal fees. But even if it is not the case that Triaxx has possession or control of the Recoveries, the Court -- for the reasons set forth above -- is not persuaded that the case law and facts cited by Triaxx support a preliminary injunction in this case.
Upon review of the record, the Court finds that Triaxx has not presented any new facts or controlling law that the Court overlooked. Nor is the Court persuaded that its decision to construe the pre-motion letter as a motion for a preliminary injunction constitutes an "extraordinary circumstance" or "manifest injustice" warranting reconsideration. As a result, the Court finds no new facts or controlling law that *248 might reasonably be expected to alter the September 17 Decision and Order. See Rule 6.3 ; Shrader, 70 F.3d at 257. The Court therefore concludes that reconsideration is not warranted in this case, and the Triaxx Motion is denied.
IV. ORDER
Accordingly, it is hereby
ORDERED that the Motion for Reconsideration of the Court's September 17, 2018 Decision and Order (Dkt. No. 80) of Triaxx Asset Management, LLC (Dkt. No. 83) is DENIED .
SO ORDERED.

PIMCO and Goldman Sachs also argue that the Calamari Declaration was submitted to the Court in violation of Local Civil Rule 6.3, which mandates that, on a motion for reconsideration, "[n]o affidavits shall be filed by any party unless directed by the Court." (Joint Opp'n at 7-8.) While PIMCO and Goldman Sachs are correct that Triaxx failed to obtain the Court's permission to file the Calamari Declaration, the Court declines to address this argument because the Court finds that nothing in the Calamari Declaration constitutes new factual evidence.